279 So.2d 698 (1973)
Alice C. RILEY
v.
CARVER GENERAL INSURANCE AGENCY, INC.
No. 4885.
Court of Appeal of Louisiana, Fourth Circuit.
June 5, 1973.
Rehearing Denied July 3, 1973.
Writ Refused September 21, 1973.
*699 Arnold & Giepert, Melvin J. Giepert, New Orleans, for plaintiff-appellee.
Lawrence A. Wheeler, New Orleans, for defendant-appellant.
Before REGAN, SAMUEL and LEMMON, JJ.
SAMUEL, Judge.
This is an action for damages against an insurance agency for an alleged failure to obtain an automobile liability policy. The measure of damage is the amount plaintiff claims she would have recovered under the uninsured motorist provision for personal injuries and medical expenses incurred in an automobile accident.
Defendant filed an answer to plaintiff's petition. Subsequently, it filed the peremptory exceptions of no right or cause of action and prescription. The exceptions were referred to the merits. Following trial on the merits judgment was rendered in favor of plaintiff, dismissing the exceptions and awarding plaintiff the sum of $1,500. Defendant has appealed.
Defendant had obtained such insurance for plaintiff since 1964. In that year she filed an application, made a $40 down payment, and the agency made arrangements for financing the balance of the charge for the policy through Sales Contract Purchase Corporation, which purchased from defendant plaintiff's installment note for the balance. Thereafter plaintiff paid the note amount to Sales Contract. The identical procedure was followed in 1965 and 1966. All three policies thus issued were for a period of one year and contained the standard uninsured motorist provision.
The 1966-1967 policy expired in February, 1967. Although plaintiff claims the same procedure outlined above was followed for the purpose of renewing that policy for another year, the new, 1967-1968 policy was not issued until September 29, 1967. Thus, plaintiff was without coverage from the expiration date in February, 1967 to September 29, 1967.
On July 6, 1967 plaintiff was injured in an automobile accident when her stopped vehicle was struck from the rear by a Ford convertible. The other driver examined the damage to both cars and inquired as to whether plaintiff was hurt. He left the scene while plaintiff's son went to call the police. Plaintiff was unable to obtain his name or license number. The investigating police officer classified the accident as "hit and run". That evening plaintiff and her son drove around trying to locate the other vehicle but were unsuccessful.
Plaintiff testified that, under the impression she had insurance, she called the agency and reported the accident. Subsequently, she called the defendant manager *700 on two or three occasions inquiring as to why she had not received her policy. Then she consulted an attorney who also asked for her policy.
Relative to the 1967 renewal, plaintiff further testified she paid defendant the usual $40 down payment in February of that year. As had been done in the three previous years, financing of the balance was arranged by the defendant through Sales Contract which sent her the same type of payment book. When the loan was repaid in full, she received a thank you letter from Sales Contract. The letter, the cancelled installment note and the payment books are in evidence. There is no evidence to the contrary.
The record contains evidence in the form of testimony by a Sales Contract employee, a cancelled check dated February 23, 1967 drawn by Sales Contract to defendant for accounts purchased that month, and a voucher. According to the voucher identified with the check, plaintiff's account was one of those purchased and paid for that month.
Defendant mainly contends: (1) Since it is an insurance agency and not an insurance company, it is not bound by law to issue a policy containing an uninsured motorist provision as required by LSA-R.S. 22:1406, subd. D(1)(a) and therefore plaintiff's remedy is not in contract, but in tort, and thus her claim had prescribed at the time suit was filed on August 6, 1971; (2) the trial court erred in admitting testimony timely objected to which enlarged the pleadings; and (3) plaintiff failed to comply with essential conditions precedent as required by the policy.
We find no merit in the first contention. This suit is not based on tort. It is on the contract between plaintiff and defendant regarding procurement of a usual policy of insurance. The prescriptive period is not the one year prescription applicable to torts; it is the prescription applicable to contracts. Plaintiff's suit was filed within the latter prescriptive period.
The second contention is based on two arguments. The first, with which we do not agree, is that plaintiff's petition failed to itemize her damages in that it simply alleges she is entitled to $5,000 for "MEDICAL EXPENSE, past and future; Pain and Suffering; Mental Anguish" and defendant made timely objection to evidence relative to plaintiff's injuries which should have been sustained. The objection to the petition is one which may be raised through the dilatory exception under LSA-C.C.P. Art. 926(4) or (5). The last sentence of that article specifically provides: "All objections which may be raised through the dilatory exception are waived unless pleaded therein." Having failed to file a dilatory exception, defendant waived the objection.
The second argument under the second contention is that the trial court erred in permitting plaintiff to introduce into evidence the voucher identified with the cancelled check drawn by Sales Contract to the defendant because the testifying Sales Contract employee did not himself complete the transaction or make the entries which appear on the voucher. We find it unnecessary to consider this argument. In its answer defendant admits that on or about February 13, 1967 plaintiff requested liability coverage on her automobile and "accordingly, in due course, the same was financed through SALES CONTRACT PURCHASE CORPORATION,..." In addition, defendant failed to offer any explanation as to why the policy in question was not issued until September 29, 1967, or why a policy was issued on that date without any other payment therefor. Under these circumstances, even eliminating any consideration of the voucher, the remaining evidence in the record is sufficient to support plaintiff's claim.
Defendant's third contention has reference to noncompliance with some conditions precedent which are required by the policy sought by plaintiff, more particularly conditions calling for notice of the accident, *701 no action against the company unless the insured fully complies with all the terms of the policy, and written proof of claim including full particulars of the nature, extent of injuries, treatment, etc. We also find no merit in that contention.
We are satisfied that, under all of the circumstances, plaintiff did give sufficient notice of the accident to the defendant. As to the other conditions complained of, the fact that no policy was issued until long after the accident prevented plaintiff from knowing of such policy conditions. In addition, defendant has made no showing either that it requested any additional proof of claim or that it was prejudiced by the absence of such additional proof.
Article 3003 of the Civil Code.[1] states a mandatory or agent is responsible not only for his unfaithfulness, but also for his fault or neglect. Under that article an insurance agent or broker who undertakes to procure insurance for another owes a duty to his client to use reasonable diligence in attempting to place the insurance timely and to notify the client if he is unable to obtain the same. A prospective insured may recover loss sustained as a result of the agent's failure to procure the desired coverage when the agent's actions warrant an assumption by the insured that he was suitably covered.[2]
We find, as did the trial judge, that under the facts present in the instant case defendant was obligated to either procure the usual liability insurance for the plaintiff or promptly inform her of its nonprocurement. Having failed to do either, the defendant is liable.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.
NOTES
[1] LSA-C.C. Art. 3003.
[2] Kieran v. Commercial Union Insurance Company of New York, La.App., 271 So. 2d 889, and cases therein cited.