299 So.2d 501 (1974)
William M. BALLON
v.
Ollie H. SMITH and United Security Insurance Company.
No. 5623.
Court of Appeal of Louisiana, Fourth Circuit.
June 20, 1974.
Rehearing Denied September 10, 1974.
*502 George J. Kambur, New Orleans, for plaintiff-appellant-appellee.
Lawrence A. Wheeler, New Orleans, for third party defendant-appellant Carver General Ins. Agency, Inc.
Edward J. Boyle, Jr., New Orleans, for third party plaintiff-appellee United Security Ins. Co.
Fine & Waltzer, Robert O. Homes, Jr., New Orleans, for third party plaintiff-appellee Ollie H. Smith.
Before SCHOTT, J., and LeBRUN and St. AMANT, JJ., Pro Tem.
W. C. LeBRUN, Judge Pro Tem.
The plaintiff, William M. Ballon, initiated these proceedings with a claim for damages resulting from an automobile accident which occurred on June 25, 1965, in New Orleans. The original defendants were Mrs. Ollie H. Smith and United Security Insurance Company (United) alleged to be her automobile liability insurer. United denied that it had any policy of insurance covering Mrs. Smith and alleged that a policy had previously been issued to her through Carver General Insurance Agency (Carver) on December 14, 1964, but under its own terms it expired on June 14, 1965. United also filed a third-party demand against Carver, alleging that the previous agency agreement between United and Carver had been cancelled on May 11, 1965, and that Carver had no authority to bind United on any policies of insurance or renewals as of June 14. It prayed for judgment against Carver for any amount it might be cast unto plaintiff as a result of Carver's actions in the handling of any renewal of Mrs. Smith's insurance policy.
Mrs. Smith subsequently filed a third-party demand against Carver and United, praying for judgment for any amount for which she might be cast unto plaintiff as well as the cost of the defense of the suit. She alleged that she had previously obtained *503 a policy of insurance from Carver for the period December 14, 1964, through June 14, 1965; that before the policy expired she contacted Carver so as to renew the policy; that she made a partial payment to Carver and was assured by its representative that she was covered by insurance and if involved in an accident the insurance company would be liable; and that subsequent to the accident of June 25 she was informed by United that no policy was written in her name. Carver responded with exceptions of no cause or right of action, prescription and an answer.
The judgment in the trial court was in favor of the plaintiff and against the defendant, Mrs. Smith, on the main demand, in favor of Mrs. Smith and against Carver for the same amount on the third-party demand, and it dismissed all other demands made in the case.
Plaintiff Ballon has appealed from the judgment and specified error in the failure of the trial judge to award judgment in his favor against United. Carver has also appealed from the judgment.
Taking up the appeal by plaintiff, the evidence shows that Mrs. Smith did purchase her original policy for the period December 14, 1964, through June 14, 1965, from Carver as the agent for United. On the day her policy expired she went to the office of Carver and dealt with Adam Joseph, president of the agency. The most seriously disputed fact in the case is the substance of the conversation which took place between these two individuals.
Mrs. Smith testified that she ordered her policy for an additional 6-month period and that she was assured by Joseph that a renewal policy would be written exactly as was the original policy with the same terms and conditions by the same company and for the same premium. In connection therewith, she issued her check to Carver in the amount of $45.00 and left the agency with the understanding that she continued to be insured.
Joseph, on the other hand, testified that he had been notified by United on May 14 that his authority as an agent for that company had been terminated, that he told Mrs. Smith that he could not write the policy she requested and that he would attempt to cover her from the assigned risk pool. He took her check as a deposit toward such insurance which could be procured within five days thereafter, but within a couple of hours after she left he received a telephone call from a friend of Mrs. Smith informing him that the assigned risk plan was unacceptable. Thereafter, according to Joseph, he spoke to Mrs. Smith and was told to hold up on the matter until he heard further from her. For that reason he never proceeded with the procurement of insurance for her.
The trial judge reconciled the conflict of testimony between these two in favor of Mrs. Smith, and in written reasons for judgment included the following:
"Considering the testimony of Mrs. Ollie H. Smith and A. E. Joseph, this court is more favorably impressed with Mrs. Smith's testimony and her version of this controversial transaction.
"The most convincing evidence is Plaintiff Exhibit Four (4) which supports and confirms Smith's version of the transaction showing a receipt dated June 14, 1965, verifying payment of $45.00 by Mrs. Ollie H. Smith to Carver General Insurance Agency, Inc. over the signature of A. E. Joseph."
Since this is basically a matter of determining the credibility of the witnesses, the findings of the trial judge in that connection will not be disturbed by this Court.
Plaintiff Ballon relies on LSA-C.C. Art. 3029 which provides as follows:
"If the principal only notifies his revocation to the attorney, and not to the persons with whom he has empowered the attorney to transact for him, such persons shall always have the right of action against the principal to compel him *504 to execute or ratify what has been done by the attorney; the principal has, however, a right of action against the attorney."
But the facts of the case do not warrant the application of the cited article for the reason that no policy was ever issued to Mrs. Smith on June 14, 1965. Had Carver physically delivered a policy to Mrs. Smith on the form of United the article would clearly give her a right to compel United to ratify the issuance of the policy, but in this case no policy was ever issued or delivered to her and at best she was given the assurance that a policy would be issued. We therefore conclude that the judgment insofar as it dismissed Mrs. Smith's claim against United will be affirmed.
Carver contends that Mrs. Smith as third-party plaintiff had no right or cause of action against it and that she failed in her burden of proof. Carver also pleads the prescription of one year, claiming that the matter is one arising in tort and the third-party demand was not filed until January, 1972, almost six years after United's answer to the effect that there was no insurance in force at the time of the accident.
By reference to Kieran v. Commercial Union Insurance Co. of N.Y., 271 So. 2d 889 (La.App. 4th Cir. 1973), it can readily be seen that Mrs. Smith did have a cause and right of action against Carver since, as a prospective insured, she sustained a loss as a result of Carver's failure to procure coverage, and since Carver's actions warranted an assumption by her that she was covered. The facts as found by the trial judge support these conclusions, and Carver has provided us with no basis for our disturbing these factual findings of the trial judge.
Finally, on Carver's plea of prescription, it is identical to that raised by it in the case of Riley v. Carver General Insurance Agency, Inc., La.App., 279 So.2d 698, writ refused, La., 282 So.2d 523, where it was held that an action of this type is not one in tort but one in contract, so that the one-year prescription is inapplicable.
Accordingly, the judgment appealed from is affirmed and the costs of this appeal are to be divided between William M. Ballon and Carver General Insurance Agency, Inc.
Affirmed.