SCHOTT, Judge.
Stewart Investments, Inc. has appealed from the dismissal of its third-party demand against William Dwyer, its lessor, and East Bank Insurance Agency, Inc. The principal demand was brought against Stewart by Dwyer’s subrogated insurers for amounts paid to repair fire damage to the building leased to and occupied by Stewart. The insurers alleged that the fire was caused by Stewart’s negligence. Before trial the principal demand was settled and the third-party demand was for the amount paid by Stewart to the subrogated insurers in settlement.
Stewart’s action against Dwyer was based upon his alleged breach of the contract of lease between them in that he failed to provide insurance coverage for his tenant. The action against East Bank was based upon the latter’s alleged breach of duty to obtain the proper insurance coverage for Stewart.
CLAIM AGAINST LESSOR
The lease between Stewart and Dwyer contains the following paragraphs:
“10. It is understood that the Landlord will pay the premium on the fire and extended coverage insurance for a period of five years; however, after the fifth year should there be an increase in premiums for fire and extended coverage on the building herein leased, the Tenant agrees that any increase in premiums will be shared and paid equally by the Landlord and the Tenant.
*1294 “14. The Landlord shall carry and pay for fire insurance and extended coverage of the buildings erected and placed on the demised premises by the lessor, which said insurance shall be no less than the sum of $75,000, during the term of this lease or any renewal thereof, which insurance shall inure to the benefit of the Lessor, with the proceeds thereof, in the event of the occurrence of an insurable casualty during the demise terms to be used for the repair and restoration of the buildings and improvements within a reasonable time from the occurrence of the casualty, not to exceed one hundred and twenty (120) working days from date of such casualty. In the event that the said casualty should occur during the ninth of subsequent years of this lease, and should the Lessee be desirous of obtaining the full restoration of the aforesaid buildings, then Lessee must advise Lessor in writing within fifteen (15) days of the date of the said casualty that Lessee is willing to agree to this lease remaining in full force and effect for a period of no less than five (5) years from the date that the repairs on the said building are completed. From the time that the Landlord is notified by the Tenant of the total or partial destruction of said building and improvements by fire or other casualty, there shall be an abatement of the rent payable hereunder until the premises shall have been repaired and restored by the Landlord and delivered to the Tenant ready for the conduct of the Tenant’s business.
Stewart contends that Dwyer breached these provisions by failing to insure Stewart against the loss it faced when Dwyer’s insurers sought recovery based on Stewart’s negligence in causing the fire. In support of its contention Stewart cites a number of cases from other jurisdictions, including Stein v. Yarnall-Todd Chevrolet, Inc., 41 Ill.2d 32, 241 N.E.2d 439 (1968); Cerny-Pickas & Company v. C. R. Jahn Company, 7 Ill .2d 393, 131 N.E.2d 100 (1956); United States Fire Insurance Co. v. Phil-Mar Corp., 102 Ohio App. 561, 131 N.E,2d 444 (1956) and Mayfair Fabrics v. Henley, 97 N.J.Super. 116, 234 A.2d 503 (1967).
In all of these cases the suits were brought by landlords and/or their subrogat-ed insurers against the tenants just as the principal demand against Stewart in the instant case, and in each of the cited cases recovery was denied because of lease provisions similar to the ones in our case which required the landlords to carry insurance on the buildings. The courts reasoned that it was the intention of the parties to each lease that the insurance would protect both parties from loss by fire even if such fire was caused by the tenant’s negligence.
However, this is not the issue before us. Had the principal demand been litigated we would have been faced with the problem considered in the cases cited by Stewart. Instead, Stewart waived that defense against the subrogated insurers and now seeks to use it as a basis for recapturing from Dwyer that portion of the insurance proceeds paid to him which it voluntarily paid to the insurers in settlement of the principal demand.
Aside from the fact that no legal authority has been cited to or found by us to support Stewart’s position we do not believe that the position is sound. In the first place, Stewart has not shown that Dwyer breached any lease provision and thereby caused its problem. Dwyer procured the insurance required under the lease and collected for his loss. The lease did not contain any provisions such as waiver of subrogation which would have prevented the insurers from taking and Dwyer giving subrogation. The parties to the lease were both sophisticated business people who were free to contract as they saw fit and there is no basis for us to construe the lease to include provisions not expressly included by the parties.
In the second place, to agree with Stewart would lead to an absurd result clearly not intended by the parties. Dwyer agreed to purchase insurance and did so. He collected for the damage from the insurers. Stewart voluntarily paid the insurers a part of the proceeds and would now have us take *1295 those proceeds away from Dwyer with the result that the insurers alone would be made whole to the extent of the payment made to them by Stewart. Dwyer would be the loser, not as a result of his dereliction or wrongdoing but because of an agreement made between the insurers and Stewart. Such a result would be untenable.
We recognize that Stewart was in a dilemma when it made the settlement. While it is so that the cases cited above generally supported Stewart’s position on the principal demand there is a split of authority among the jurisdictions as to a tenant’s liability for damages to or destruction of leased property due to his negligence where there is insurance on the property. See 49 Am.Jur.2d 912, § 935, Landlord and Tenant, and the annotation at 15 A.L.R.3d 786, 812. A reading of these references and the cases cited therein demonstrates that Stewart’s problem was complicated by an absence of a surrender provision in the lease such as to surrender the premises “in good condition; loss by fire . . . excepted . . . ” as in Rock Springs Realty v. Waid, 392 S.W.2d 270, 15 A.L.R.3d 774 (Mo. 1965). The problem is further complicated by the public policy consideration of exempting one from liability for his own negligence. Finally, Stewart was probably influenced by Gen. Acc., Fire & Life Assur. Corp. v. Glenn, 261 So.2d 78 (La.App. 3rd Cir. 1972), which held that the lessee was liable to the lessor for fire damage to the premises resulting from lessee’s negligence notwithstanding lease provisions requiring the lessor to carry fire insurance.
Nevertheless, when Stewart made the settlement it waived its argument to the extent that it paid the insurer and cannot be heard at this stage to revive the argument against Dwyer who played no part in that settlement.
CLAIM AGAINST INSURANCE AGENT
Stewart’s claim against East Bank Insurance Agency is based primarily on the peculiar relationship existing between the agency and Dwyer who was the president of the agency as well as Stewart’s lessor.
When the lease was confected Dwyer referred Stewart’s secretary to the agency and she in turn had her CPA contact the agency to procure the insurance. There was a conflict in the testimony as to statements made by Dwyer, his version being that he took no part whatsoever in actually selling the insurance, and Mrs. Stewart’s version that he assured her that he would cover Stewart fully against the risk of fire. The CPA did not testify.
The burden was on Stewart to establish that East Bank undertook to procure insurance to cover it and failed in its duty as a mandatary. LSA-C.C. Art. 3003, Riley v. Carver General Insurance Agency, Inc., 279 So.2d 698 (La.App. 4th Cir. 1973), writ refused, La., 282 So.2d 523. We have concluded that the evidence of record is not so compelling as to warrant a reversal of the claim against East Bank.
Accordingly, the judgment is affirmed at the cost of third-party plaintiff, Stewart Investments, Inc.
AFFIRMED.
LEMMON, J., concurs and assigns reasons.