REDMANN, Judge.
Plaintiff appeals from a judgment which awarded him damages for medical expenses, pain and suffering, and “permanent partial disability.” Plaintiff’s principal complaint is that the trial court excluded all evidence of loss of future earnings on the theory that plaintiff’s petition did not allege loss of earnings but only the three items specified.
That evidentiary ruling was erroneous. One element of the damages from a “permanent partial disability” from an accident is any loss of earnings attributable to that disability. See Courville v. B & B *756 Engineering and S. Co., La.App., 2 Cir. 1969, 230 So.2d 377, 382, writ refused 255 La. 813, 233 So.2d 251, applying C.C.P. 865’s mandate to construe pleadings “to do substantial justice” by construing a demand for $50,000 “for permanent disability” as one for future lost wages. (Compare Jacobs v. New Orleans Pub. Serv., La.1979, 369 So.2d 1376: “A Petition which demands damages for loss of future wages and for future pain and suffering includes damages for psychological and psychoneurotic injuries.”) Perhaps it could be said that the pleading was vague, but that objection to a petition is waived by failure to plead it in the dilatory exception, C.C.P. 926; see Riley v. Carver General Ins. Agcy., La.App., 4 Cir. 1973, 279 So.2d 698.
We therefore set aside the judgment appealed from and remand for evidence upon lost earnings and for reconsideration of the award for “permanent partial disability” in the light of that evidence. Plaintiff’s complaint concerning the pain and suffering award will be considered on any subsequent appeal as part of an overall award review.
Remanded.