REDMANN, Judge.
We earlier remanded this case, on an appeal after judge trial on the merits, “for evidence upon lost earnings and for reconsideration of the award for ‘permanent partial disability’ in the light of that evidence.” La.App. 4 Cir., 1979, 375 So.2d 755, 756 (emphasis added).
That remand was, as the trial judge correctly ruled, for the restricted purpose of admitting evidence on one element of damages; it did not require or authorize plaintiff to retry his whole case on his “permanent partial disability.” Only the amount of the award for that disability, and insofar only as the disability caused a loss of earnings, remained at issue.
Plaintiff, however, filed a “supplemental and amended petition” to specify lost wages as a separate item of damages and to increase thereby his allegation of the total amount of damages. Plaintiff also asked *487 for a jury trial. The trial judge signed an ex parte order authorizing the filing of this petition, and another trial judge signed an order for jury trial. Later, the trial judge granted a motion to “strike” the petition and request for jury trial.
Applying for writs, plaintiff argues that defendants’ motion to strike plaintiff’s post-appeal pleadings should not be considered, because the motion was filed after C.C.P. 964’s 15-day period for a motion to strike. We reject this argument. The purpose of a motion to strike under art. 964 is to purge pleadings of “redundant, immaterial, impertinent, or scandalous matter.” The present motion is not one to clean up authorized pleadings; its purpose is to reject these “pre-trial” pleadings in their entirety because the case has already been tried. (Indeed, if plaintiff had made a proffer under C.C.P. 1636 of the excluded evidence at the trial, we would have evaluated it and rendered a final judgment when we decided the appeal a year ago.) Thus art. 964 is not applicable to defendants’ motion in this case.
Plaintiff’s amendment, basically of quantum, does not warrant discussion of the broader question of whether damages discovered after a restricted remand can be sought by supplemental petition. We rule only that the trial judge was correct in rejecting a petition increasing alleged quantum for an element of damages we held already sufficiently pleaded in the earlier petitions.
Writs are therefore refused.

WRIT REFUSED.