395 So.2d 414 (1981)
Diane Lee ARCENEAUX, Plaintiff-Appellant,
v.
Mrs. Jerrie BELLOW et al., Defendant-Appellee.
No. 7998.
Court of Appeal of Louisiana, Third Circuit.
February 4, 1981.
Rehearing Denied March 23, 1981.
Writ Refused May 6, 1981.
*415 Poteet & Landry, John G. Poteet, Jr., Lafayette, and Walter J. Rippas, St. Martinville, for plaintiff-appellant.
Davidson, Meaux, Sonnier & Roy, J. J. Davidson, Jr., Voorhies & Labbe, John W. Hutchison, Domengeaux & Wright, James P. Roy, Lafayette, J. B. Willis, St. Martinville, for defendant-appellee.
Before FORET, SWIFT and DOUCET, JJ.
SWIFT, Judge.
The plaintiff, Diane Lee Arceneaux, instituted this suit for damages allegedly resulting from the failure of the defendants to provide an automobile insurance policy which she requested. From a judgment awarding only part of her claims, the plaintiff has perfected this devolutive appeal.
The plaintiff had a policy of insurance covering her 1967 Pontiac which had been obtained through National from Integon General Insurance Corporation (Integon) in 1976. The coverage was $5,000/$10,000/$5,000 for public liability for personal injuries and property damages and $500 for medical payments. This policy was to expire on January 13, 1977. However, prior to the expiration date, in December, 1976, Ms. Arceneaux contacted Mrs. Bellow to obtain insurance coverage on a 1971 Oldsmobile she was going to purchase. Plaintiff informed Mrs. Bellow that she needed comprehensive *416 and collision coverage on the new car and says she told her she also wanted the maximum amount of insurance she could get.
On December 21, 1976, Ms. Arceneaux gave National her check in the amount of $125.00 as part payment of the premium and it was deposited in the agency's account. The balance of the premium was financed by another concern and paid to National shortly thereafter. The plaintiff made the monthly payments directly to the finance company. Ms. Arceneaux was not asked to complete an application and no policy was ever issued to her. Exactly what was said by these parties during this time is in dispute.
On April 5, 1977, Ms. Arceneaux was involved in an automobile accident with Mike Landry. Mr. Landry claimed to have suffered some damages therein and Ms. Arceneaux's automobile was a total loss. On April 6, 1977, Ms. Arceneaux contacted Mrs. Bellow at National to inform them of the accident. Up to this time she had not been told that the policy had not been issued. Mrs. Bellow then learned that National did not have the newly purchased automobile's serial number and no policy application had been sent to an insurance company. Thereupon, she completed an application and forwarded it to Integon in the hope of getting insurance, but this attempt proved unsuccessful.
Mr. Landry and his collision insurer filed separate suits against Ms. Arceneaux for damages they claimed resulted from the accident. Diane Arceneaux filed this action against National, Integon and Mrs. Bellow. It was consolidated with the other cases, but later severed by the trial judge.
Ms. Arceneaux's petition, styled "PETITION FOR BREACH OF INSURANCE CONTRACT, DAMAGES, STATUTORY PENALTIES AND ATTORNEY FEES", set forth the accident of April 5, 1977; that she purchased a policy from Mrs. Bellow, agent for National; that it was understood the policy was to provide full coverage, with limits of $100,000/$300,000/$50,000 for personal injuries and property damage, $5000 for medical payments and $100 deductible on collision and comprehensive losses; that Mrs. Bellow "failed to report the existence of such a policy to the underwriters. This gross negligence was the beginning of plaintiffs' nightmare and all damages flow from this breach of contract". The damages were listed as follows:

 "(a) Loss of income, due to psychological disorders
 and traumatic neurosis stemming from the
 breach of contract and recurring harassment,
 etc.
 ...................$10,000.00
 (b) Rental car...................... 255.00
 (c) Payment of premium ............. 224.36
 (d) Property damage to car minus $100.00
 deductible ..................... 1,650.00
 (e) Past, present and future medical expenses
 ......................... 5,000.00
 (f) Rate increases on new policy ....... 260.00
 (g) Mental anguish, based on traumatic neurosis, etc.
 suffered by petitioner as a result of defendants
 gross negligence, breach, and the entire ten
 month runaround ................ 40,000.00
 TOTAL DAMAGES ................. $57,389.36
 12% Statutory Penalies (sic) ........... 6,886.72
 $3,000.00 Statutory Attorney Fees...... 3,000.00
 __________
 GRAND TOTAL DUE PETITIONER .. $67,276.08"

The defendant Bellow answered denying most of the allegations and further alleging that in December, 1976, plaintiff requested a renewal of her existing car insurance policy. However, due to a "clerical error" the policy was not issued. Alternatively, it set forth that if defendant was held liable then the plaintiff should recover only the amount due under the policy of insurance that would have been in effect at the time of the accident. Later Mrs. Bellow filed an amended answer alleging that the policy was not issued because plaintiff did not furnish the serial number to the automobile as requested.
Defendant National's answer was substantially the same as Mrs. Bellow's.
Defendant Integon answered pleading that plaintiff had no insurance policy with it and that neither Mrs. Bellow nor National were its agents. Integon filed a third party demand against Mrs. Bellow and National praying that if the agency questions *417 were decided adversely to it then the third party defendants should be held liable to Integon. Plaintiff's claims against Integon were ultimately settled and it was dismissed from the suit. Plaintiff has not appealed this decision. Therefore, we are not concerned with any question of liability on the part of Integon.
On the morning of the trial Mrs. Bellow filed a motion to strike Items (a), (e) and (g) of plaintiff's petition, quoted above, on the basis that they sought recovery of non-pecuniary losses not allowable in an action for breach of contract. She also filed a peremptory exception of no right or cause of action on the ground that she was a salaried employee of National. The exception was directed also at the non-pecuniary losses claimed.
The trial judge granted the motion to strike, evidently considering the action to be in contract rather than tort and that such damages were not recoverable under LSA-C.C. Art. 1934(3) because the object of the contract was not the gratification of some intellectual enjoyment. His ruling also disposed of that part of the exception grounded on the same contention, but its other ground was referred to the merits.
After trial judgment was rendered in favor of the plaintiff against National in the sum of $1803.00, which represented $378.00 it had received as premiums for the never-obtained policy and $1425.00 for the total loss of the automobile it was to insure. Mrs. Bellows' exception of no cause of action was sustained and the suit was dismissed as to her.
During the trial the court sustained an objection to evidence tendered to establish the items of damages stricken. It also refused to admit evidence of the fact that plaintiff had been sued by Mr. Landry and his collision insurer as damages "flowing from the lack of care of the defendant." The objection was sustained on the ground that this was not covered by the pleadings. This being the case, the plaintiff then asked for a continuance to amend under LSA-C. C.P. Art. 1154. The motion was denied as being untimely.
The principal issues on appeal are whether the trial court erred in (1) concluding that Mrs. Jerrie Bellow was not personally liable to plaintiff for her fault or neglect in failing to procure the policy; (2) sustaining the defendants' objection to evidence of the non-pecuniary losses claimed by the plaintiff; and (3) refusing to permit plaintiff to amend her petition and admit evidence of additional damages resulting from the law suits against the plaintiff which had not theretofore been pleaded.
As stated, it appears that the trial judge treated this case as being one for breach of contract rather than for damages resulting from negligence. The caption of the petition so indicates. However, in Louisiana we have fact pleading. Under LSA-C.C.P. Arts. 862 and 1154 the "theory of the case" doctrine has been done away with and the court should render the relief to which a party is entitled even if it has not been demanded in the pleadings.
In Karam v. St. Paul Fire & Marine Insurance Company, 281 So.2d 728 (La. 1973), in finding that an insurance agent "negligently failed to procure property liability coverage in the amount requested", our supreme court expressed the following well-settled rule of law:
"An insurance agent who undertakes to procure insurance for another owes an obligation to his client to use reasonable diligence in attempting to place the insurance requested and to notify the client promptly if he has failed to obtain the requested insurance. The client may recover from the agent the loss he sustains as a result of the agent's failure to procure the desired coverage if the actions of the agent warranted an assumption by the client that he was properly insured in the amount of the desired coverage. C.C. 3002 and 3003;" [Additional authorities omitted]
Although Riley v. Carver General Insurance Agency, Inc., 279 So.2d 698 (La.App. 4 Cir. 1973) holds that the action is in contract rather than tort insofar as prescription is concerned, Karam and most of the *418 cases we have read allowing recovery for failure to procure the desired coverage when the agent's actions warranted the customer's belief that he was covered seem to base the liability on tort, that is, the failure to use reasonable diligence in attempting to place the insurance and to notify the client promptly if the agent is unable to do so. Bourgeois v. Beeson-Warner Insurance Agency, Inc., 144 So.2d 563 (La.App. 4 Cir. 1962); Brunt v. Standard Life Insurance Co., 259 So.2d 575 (La.App. 1 Cir. 1972); Boothe v. American Assurance Co., 327 So.2d 477 (La.App. 1 Cir. 1976); Walker v. Fontenot, 329 So.2d 762 (La.App. 1 Cir. 1976).
We think that such an action can be brought against the agent or broker either for breach of contract or for negligent breach of a duty imposed by contract. 64 A.L.R.3d, 398, 408.
This plaintiff has sought damages for mental anguish and neurosis, for which she could recover in tort if established. Pack v. Wise, 155 So.2d 909 (La.App. 3 Cir. 1963). Consequently, we conclude that under Article 862 of our Code of Civil Procedure the instant case must be considered as a tort action and the plaintiff awarded the relief to which she is entitled.
Under the circumstances we must reverse the district court's rulings granting the motion to strike and sustaining the defendants' objection to evidence relating to plaintiff's mental condition.
Although it was not stated in his oral reasons, the trial judge obviously concluded from the testimony of Ms. Arceneaux and Mrs. Bellows that the former was not told the policy would not be issued until she furnished the serial number of the 1971 Oldsmobile and also that the plaintiff was warranted in her assumption that a policy of insurance had been issued until she was notified to the contrary after the accident of April 5, 1977. Otherwise, he would not have rendered judgment against National for the collision damages to her car. We certainly cannot disturb these factual findings as being clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1979). Thus, Mrs. Bellows was clearly negligent in this matter.
Since this is a tort action, however, we must disagree with the district court's ruling that Mrs. Bellows, the corporate officer who individually committed the tort, is not liable therefor. In Pack v. Wise, supra, this court said:
"The defendant's able counsel contends that Wise is not individually liable for a tort committed by him in the course of his duties as a corporate officer. However, it is settled that the aggrieved party has a cause of action in such instances both against the corporate officer individually who committed the tort, as well as against the corporation which is responsible for his acts. Wisemore v. First National Life Ins. Co., 190 La. 1011, 183 So. 247; Adams v. Fidelity & Cas. Co., La. App. 1 Cir., 107 So.2d 496; 19 C.J.S. Corporations § 845 p. 271. Wise is therefore personally liable for the tort herein committed."
Consequently, both Mrs. Bellows and National are responsible for the damages which resulted to the plaintiff from their failure to exercise reasonable diligence in an attempt to obtain the policy and their failure to give timely notification to her that it had not been obtained. Therefore, her dismissal from the suit was erroneous and the judgment will be reversed in this regard.
We also believe that the trial court erred in denying the plaintiff the right to amend her petition under Article 1154 of our Code of Civil Procedure and admit evidence of damages to which she may be entitled with respect to her liability to Mr. Landry and his insurer if caused by the failure of Mrs. Bellows and National to procure automobile liability insurance. Article 1154 specifically provides that the court should allow such amendments "freely when the presentation of the merits of the action will be subserved thereby, and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him...." The defendants were *419 well aware of the pending cases against Ms. Arceneaux and we fail to see how they would be prejudiced in this regard. Being a bench-tried case a suitable continuance could have been granted without great inconvenience to provide defendants time for further preparation, if necessary. Adema v. Elliot, 223 So.2d 464 (La.App. 4 Cir. 1969). The trial court's ruling denying such amendment is therefore reversed.
For the foregoing reasons the judgment of the district court is affirmed insofar as the award to plaintiff of $1803.00 against National Insurance Mart, Inc. is concerned (subject to increase upon plaintiff establishing that she is entitled to additional damages), but otherwise it is reversed and set aside and the case is remanded to the trial court for further proceedings in accordance with law and the views expressed herein.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.