526 So.2d 1297 (1988)
Gary P. RAY, Plaintiff-Appellant,
v.
MID SOUTH UNDERWRITERS, INC., et al., Defendants-Appellees.
No. 87-243.
Court of Appeal of Louisiana, Third Circuit.
April 21, 1988.
Vernon Clark, Leesville, for plaintiff-appellant.
Thomas W. Sanders, Rebecca Young, Lake Charles, for defendants-appellees.
Before FORET and LABORDE, JJ., and REGGIE,[*] J. Pro Tem.
EDMUND M. REGGIE, Judge Pro Tem.
The issue presented in this appeal is whether the one-year prescriptive period for tort actions or the ten-year prescriptive period for contract actions applies to plaintiff's claim against defendants for the alleged negligent handling and processing of an insurance application.
*1298 SUMMARY
Plaintiff applied through an independent insurance broker to obtain an automobile policy from a third party insurer. Plaintiff had no preexisting relationship with either the broker or the insurer. The broker mailed plaintiff's automobile insurance application to the defendant insurer on August 5, 1980, but failed to include with the application a check for the premium. The insurer's underwriter notified the broker on August 7, 1980 that coverage could not be provided until the insurer received a check for the premium. The broker mailed its premium check to the insurer on August 13, 1980, and the insurer accordingly issued a policy to the plaintiff with an effective date of August 13, 1980.
Plaintiff was involved in an automobile accident on August 10, 1980, three days before the effective date of his policy. Alleging that it had no contract with plaintiff on the date of his accident, the insurer denied coverage of the August 10, 1980 accident. More than four years after such denial, plaintiff sued the insurer and its underwriter for negligently failing to insure his automobile and for breaching their duty and obligation to insure plaintiff.
The defendants filed an Exception of Prescription asserting that plaintiff's action sounded in tort and thus was subject to a one-year prescriptive period which had expired. The district court sustained defendants' exception, holding that there was no contractual relationship between plaintiff and defendants at the time of the accident and that the one-year prescriptive period accordingly barred plaintiff's claim.
We affirm the decision of the lower court.

FACTS
The facts in this case are not in dispute. On August 4, 1980, Gary P. Ray (Plaintiff) applied through an independent insurance broker, Cooper Insurance Agency, Inc. (Cooper), of Leesville, Louisiana, for two months of insurance coverage on a 1975 Buick Regal. Plaintiff had never previously applied for nor been granted insurance through Cooper.
Carolyn Cravens, a Cooper employee, assisted Plaintiff in completing an application to Mid-American Indemnity Company (Mid-American) to obtain the desired two-month automobile coverage. Policies issued by Mid-American are underwritten by Mid-South Underwriters, Inc. (Mid-South). Plaintiff had never previously applied for nor been granted insurance from Mid-American.
Cooper mailed Plaintiff's application on August 5, 1980, but failed to include a check for the premium. Mid-South received the application, minus the check, on the following day. Mid-South's published Underwriting Guidelines expressly provide that "[p]roducer's check for the net premium must be attached...." Accordingly, on August 7, 1980, Mid-South contacted Cooper and advised that coverage could not be provided on Plaintiff's automobile until Mid-South received the premium check.
On August 13, 1980, Cooper mailed its check, dated August 12, 1980, which was received by Mid-South on August 14, 1980. In accordance with Mid-South's Underwriting Guidelines, Mid-American issued a policy on Plaintiff's automobile, with an effective date of August 13, 1980.
Unfortunately for Plaintiff, on August 10, 1980, Plaintiff was involved in a one-car accident in which he lost control of his 1975 Buick Regal and struck a light pole. Plaintiff notified Cooper of his loss on August 11, 1980, two days before Cooper mailed the premium check necessary for the issuance of the policy by Mid-American. Cooper subsequently presented the claim, but since the policy had neither been paid for nor issued on the date of the accident, the insurance company denied coverage.
On October 16, 1984, more than four years after the denial of his claim, plaintiff filed suit against Defendants Mid-American and Mid-South, alleging that they were negligent in their failure to insure his vehicle as requested and that they had breached their duty and obligation to him by failing to insure his automobile. Asserting that Plaintiff's claims sounded in tort and thus were barred by the one-year *1299 prescriptive period applicable to tort actions as set forth in Louisiana Civil Code Article 3492, Defendants filed an Exception of Prescription.
In response to Defendants' Exception, Plaintiff argued that his action sounded in contract, not in tort, and that it accordingly was subject to the ten-year contractual prescriptive period set forth in Louisiana Civil Code Article 3499. The lower court concluded, however, that Plaintiff had no privity of contract with either Defendant.
The court thus held that Plaintiff's action against Defendants was an action in tort that was barred by the one-year prescriptive period set forth in Civil Code Article 3492. Plaintiff appeals from that ruling, asserting that the ten-year prescriptive period for contracts, and not the one-year prescriptive period for torts applies.

OPINION
The lower court in this case has held that Plaintiff enjoyed no privity of contract with either of the Defendants. Indeed, in addressing the facts that led to its legal conclusion, the lower court stated that the Plaintiff did not even attempt to present facts in support of a privity claim, either in his petition or at the trial on the Exception. Instead, it appears that the Plaintiff relied on the bald assertion that his action was ex contractu, without advancing any factual support for his position.
Still without presenting any facts in support of his claim, Plaintiff asserts to this court that his suit against Defendants sounds in contract because he is suing for the breach of Defendants' duty to insure him and because this court in Arceneaux v. Bellow, 395 So.2d 414 (La.App. 3 Cir.1981), writ denied, 400 So.2d 669 (La.1981), allegedly held that a prospective insured could choose, at his option, whether to bring such an action in either tort or contract. We are not told, nor did the lower court find in the record, any facts that suggest any contractual relationship between Defendants and Plaintiff prior to the issuance of the automobile policy on August 13, 1980, but rather are simply asked to find that a contractual analysis applies. We decline to do that absent a factual showing of contractual privity.
Of paramount importance to the factual determinations in this case is the lower court determination (1) that Plaintiff had a legal relationship with Cooper; (2) that Cooper was a broker and as such acted as Plaintiff's agent; and (3) that, as a broker, Cooper was not an agent of Mid-American or Mid-South and thus had no power whatsoever to bind either of them. Thus, Plaintiff's contractual relationship, if any, with his own agent, Cooper, cannot be used to create a contractual relationship between Plaintiff and either of the Defendants, Ackel v. Mid-South Underwriters, Inc., 377 So.2d 496 (La.App. 3 Cir.1979), writ denied, 378 So.2d 1389 (La.1980), unless Plaintiff's agent, Cooper, perfected such a contractual relationship with the Defendants on Plaintiff's behalf. The lower court held that Cooper perfected no such contractual relationship on Plaintiff's behalf.
In order to overturn the lower court's decision in this case, we would have to hold: (1) that its factual findings were manifestly erroneous, Arceneaux v. Domingue, 365 So.2d 1330 (La.1978), or (2) that its conclusions of law, given the facts before it, were clearly erroneous. Canter v. Koehring Company, 283 So.2d 716 (La. 1973). However, as discussed in our review of relevant cases below, we believe that the lower court was correct in both its factual and legal determinations and we accordingly affirm.
First, we must accept as the law of the case that the broker, Cooper, was an agent of the Plaintiff and as such had no power to bind the Defendants. That decision was made by the lower court and was not appealed by Plaintiff.
Next, given that important background fact, we must determine whether the lower court correctly applied the law of this state in finding that the action against the Defendants was barred by the one-year prescriptive period applicable to torts. The cases are uniform in support of the proposition that the ten-year prescriptive period applies only if there is a contractual relationship *1300 between the parties. Two of the major cases Plaintiff relies upon as authority for his position, Riley v. Carver General Insurance Agency, Inc., 279 So.2d 698 (La. App. 4 Cir.1973), writ denied, 282 So.2d 523 (La.1973); and Ballon v. Smith, 299 So.2d 501 (La.App. 4 Cir.1974), also provide that the ten-year prescriptive period applies only when there is a contractual relationship between the parties. However, neither of those cases find such a contractual relationship between an alleged insured and a prospective insurer.
In Riley v. Carver General Insurance, Inc., supra, our brethren of the Fourth Circuit concluded that the suit by the plaintiff in that case was based on breach of contract and thus was subject to a ten-year prescriptive period. However, that case, which expressly found a contractual relationship between the parties, is clearly distinguishable from the one at bar.
The relevant facts of Riley are as follows: The plaintiff, Riley, began purchasing insurance through her broker, Carver General Insurance, Inc., in 1964, when she filed an application for insurance and remitted $40 as a down payment on the policy. The agency made arrangements for financing the balance of Riley's premium through Sales Contract Purchase Corporation, which purchased from the agency plaintiff's installment note for the balance. Plaintiff thereafter paid the balance of the note to Sales Contract.
Plaintiff and the insurance agency followed this same procedure in 1965 and 1966. In February 1967, however, while plaintiff alleged that she followed the same procedure, the policy was not issued until September 1967, approximately seven months after the February expiration of plaintiff's previous policy. In July 1967, during the gap period, plaintiff was injured in a "hit and run" accident. Assuming that she was insured, plaintiff notified the insurance agency of the action and began inquiring as to why she had not received her policy.
The record at trial contained evidence showing that the plaintiff had indeed requested liability coverage for her automobile in February 1967 and that Sales Contract Purchase Corporation had purchased plaintiff's note to the agency in that same month, on the same basis as it had for the three preceding years. In addition, there was uncontested evidence at trial that plaintiff had received from Sales Contract Purchase Corporation a payment book for the 1967 payments, and that when the note was paid in full, she received the cancelled note and a thank you note from Sales Contract. Plaintiff sued the defendant insurance agency in 1971.
Based on the foregoing, the Riley court held that the suit between the plaintiff and defendant insurance company was based on the "contract between plaintiff and defendant regarding the procurement of the usual policy of insurance." Riley, 279 So.2d at 700. The court relied on the facts of such contractual relationship between the insured and her broker as established at trial. Thus, it held the applicable prescriptive period for a suit by the plaintiff to be ten years. Id.
Unlike the case at bar, the Riley case involved an actual contractual relationship, as proven by facts produced at trial and as accepted as true by the trial court. In the instant case, by contrast, the Plaintiff produced no facts in support of his contract claim and the lower court accordingly found no contractual privity. We have no reason to disturb that judgment.
Furthermore, the Riley case, unlike the instant case, relates to claims by an insured against her agent and not against the insurance company issuing the policy. Thus, with respect to classifying as contractual or not the relationship between Plaintiff and Defendants in the instant case, the Riley case is inapposite.
Perhaps more relevant to the case at bar is the Fourth Circuit decision in Ballon v. Smith, supra. While affirming the dismissal by the lower court of a claim by the alleged insured against the insurance company itself, the Ballon court held that a contractual relationship, and thus the ten-year prescriptive period, applied to a party and its insurance broker.
*1301 The facts in Ballon can be summarized as follows: The plaintiff sued the defendant for damages he sustained in connection with an automobile accident with defendant. Defendant made a third-party demand against both her alleged insurer, which informed defendant/third-party plaintiff that it had not issued a renewal policy in her name, and her insurance broker, to which she had remitted a policy renewal check.
As in Riley, the third-party plaintiff had a preexisting contractual relationship with her broker, Carver General Insurance Agency, which had cashed her check for an automobile policy renewal but failed to purchase a policy from an insurance company on defendant's behalf. The lower court held, and the appellate court affirmed, that by accepting plaintiff's check, Carver had created a contractual relationship between itself and the third-party plaintiff. However, the lower court dismissed the third-party action against the insurance company.
In affirming in all respects the decision of the lower court, the Ballon court held that the ten-year contractual prescriptive period applied as between the third-party plaintiff and her broker, Carver, but it affirmed the dismissal of the third-party action against the insurance company itself. We are not privy to the reasons for the dismissal of the claim against the insurer in the Ballon case. However, of one thing we are certain: the trial court in Ballon would not have dismissed the suit against the insurance company if such company were found to have had a contractual relationship with the claimant.
We have found no cases with facts similar to those at bar, which find contractual privity between a claimant and his would-be insurer. Plaintiff, Ray, is mistaken in placing reliance on Arceneaux v. Bellow, 395 So.2d 414 (La.App. 3 Cir.1981), writ denied, 400 So.2d 669 (La.1981), for the proposition that he simply can choose at his option whether to bring an action against Defendants in either tort of contract, without having to make the necessary factual showings.
Like the Riley and Ballon cases, Arceneaux involved a suit by a prospective insured against its insurance broker for failing to obtain an insurance policy. Although Arceneaux did not address the issue of prescription, it did address whether an action by a prospective insured against its insurance broker sounded in tort or in contract.
We held in that case "that such an action can be brought against the agent or broker either for breach of contract or for negligent breach of duty imposed by contract." Arceneaux, 395 So.2d at 418 (emphasis supplied). That holding presupposes factual support for the existence of a contract. Furthermore, we did not make any ruling with respect to the tort or contract liability, if any, of the proposed insurer in the Arceneaux case. Any such liability would have to be determined from the specific facts of the case.
By the same token, the facts of the case at bar must dictate the legal classification of the relationship between Plaintiff and Defendants. As found by the lower court, there was no contractual privity between the parties to this suit; thus, Plaintiff cannot avail himself of the ten-year prescriptive period applicable to contracts.
By the pleadings and the record of the trial on Defendants' Exception of Prescription, it is clear that Plaintiff's action against Defendants sounds in tort and accordingly is subject to a one-year prescriptive period. That one-year period expired long before Plaintiff filed his original Petition in this case and, therefore, is barred.
For the reasons assigned, the judgment of the trial court is affirmed at plaintiff-appellant's costs.
AFFIRMED.
NOTES
[*] Judge Edmund M. Reggie, Retired, has been appointed Judge Pro Tempore by the Louisiana Supreme Court.