LANDRIEU, Judge.
We are asked to determine the applicable prescriptive period for the claim of Crew-boats, Inc., third party plaintiff, against its insurance agent, Robert Eisenbraun.
PACTS:
On December 11, 1984, the original plaintiffs, Deborah and Robert Roger, were involved in an automobile accident with Ko-rey Dufrene, an employee of Crewboats, Inc. In a Third Supplemental and Amending Petition filed on December 22, 1987, the plaintiffs alleged that Dufrene was in the course and scope of his employment at the time of the accident and sued Crewboats, Inc. directly.
Crewboats, Inc.’s insurer, State Farm Mutual Automobile Insurance Company, denied any potential coverage for damages from the accident on the basis that the policy issued to Crewboats, Inc. did not cover the allegations of plaintiffs. In opposition to State Farm’s Motion for Summary Judgment in that regard, Crewboats, Inc. filed a memorandum on February 2, 1989, in which allegations were made against Robert Eisenbraun, the independent insurance agent, concerning, the performance of his duties. According to the affidavit and deposition of Patrick S. Pescay, president of Crewboats, Inc., he had contracted with Eisenbraun to provide complete insurance coverage in order that the company could be fully protected “as far as all of our business operations with our own automobiles and employees would be concerned.” A third party action against Eisenbraun for failure to provide requested insurance coverage was not filed, however, until June 6, 1990, more than one (1) year after the third party plaintiff had clear knowledge of its potential claim.
DISCUSSION:
The controlling prescriptive period is determined by the nature of the plaintiff’s cause of action. If the action sounds in contract, the prescriptive period is ten (10) years. If it is a tort action, then the suit is barred after one (1) year. The general rule of law in Louisiana is that the breach of a contract by means of a tort provides ground for an action for breach of contract. Elzy v. ABC Insurance Co., 472 So.2d 205, 209 (La.App. 4th Cir.1985).
However, the general rule admits exceptions. One exception pertains to professional malpractice cases. In the area of medical malpractice, which was later extended to claims of legal malpractice, it was decided that a malpractice action is delictual in nature unless a particular result is warranted or promised. Sciacca v. Polizzi, 403 So.2d 728, 731 (La.1981). The court noted that
[u]nlike engineers, mechanics and shipbuilders, a physician does not, simply by undertaking the treatment of a case, contract with a patient for a specific result.
This court, in applying a one (1) year prescriptive period to a claim of “professional accounting malpractice,” appears to have extended to accountants the exception to the general rule. Carey v. Pannell, Kerr, Foster, Certified Public Accountants, 559 So.2d 867, 868 (La.App. 4th Cir. 1990). From the beginning, the exception was designed to recognize that the nature of certain professions is such that the fact of employment does not imply a promise of success, but an agreement to employ ordinary skill and care in the exercise of the particular profession. Phelps v. Donaldson, 243 La. 1118, 150 So.2d 35, 37 (1963).
The professional exception has not been applied to insurance agents. In Riley v. Carver General Insurance Agency, Inc., 279 So.2d 698 (La.App. 4th Cir.1973), the defendant had obtained insurance for the plaintiff for a period of several years before the accident. Although the plaintiff paid a down payment to the defendant as well as regular installments on a note to finance the balance due on the 1967-68 policy, the agent failed to renew the policy *325 for some six months after it had lapsed. The court concluded that the suit was based on the contract between the plaintiff and the defendant regarding the procurement of a usual policy of insurance, not based on tort. Citing Riley, the court in Ballon v. Smith, 299 So.2d 501, 504 (La. App. 4th Cir.1974) likewise concluded that an action based upon an agent’s failure to renew a policy of insurance after receiving a partial payment was one in contract so that the one (1) year prescriptive period is inapplicable.
Nevertheless, our colleagues in the Third Circuit have correctly pointed out that the prescriptive period applicable to contacts is only available upon a factual showing of contractual privity. Ray v. Mid South Underwriters, Inc., 526 So.2d 1297, 1299 (La. App. 3d Cir.1988). In that case, plaintiff simply asserted that his action against the insurer and its underwriter for negligently failing to insure his automobile, after he tendered a check to the agent for the premium, was ex contractu. That assertion, relying on the holding of Arceneaux v. Bellow, 395 So.2d 414, 418 (La.App. 3d Cir. 1981) that an action can be brought against the agent or broker either for breach of contract or for negligent breach of a duty imposed by contract, is not enough. Indeed, Arceneaux presupposes factual support for the existence of a contract. The facts of the case at bar must dictate the legal classification of the relationship between the parties.
In this case, the affidavit and deposition of the president of Crewboats, Inc. attested to an ongoing relationship with the agent as well as to instructions to the agent that the company be fully insured under all circumstances. In that regard, he stated that, from the inception of the company, certain employees used their own vehicles for company business. Therefore, he claimed to have been under the impression at all times that coverage for such use was in effect. Crewboats, Inc. claims then to have purchased an insurance policy through Robert Eisenbraun for coverage which was not received. With this showing of contractual privity between the insured and the independent agent, a prescriptive period of ten (10) years is available to the third party plaintiff, Crewboats, Inc.
Accordingly, the judgment of the trial court is reversed.
REVERSED.