850 So.2d 1112 (2003)
AMERICAN ZURICH INSURANCE COMPANY, et al., Plaintiffs-Appellants,
v.
David L. JOHNSON dba David Johnson Drywall, et al., Defendants-Appellees.
No. 37,567-CA.
Court of Appeal of Louisiana, Second Circuit.
July 30, 2003.
*1113 Storms & Storms, by Tyler Graham Storms, Ruston, for Appellants.
Hudson, Potts & Bernstein, by Robert M. Baldwin, Mark J. Neal, Monroe, for Appellees.
Before WILLIAMS, CARAWAY and MOORE, JJ.
MOORE, J.
Lincoln Builders Inc. and its workers' compensation carrier, American Zurich Insurance Company (collectively "Lincoln"), appeal a summary judgment in favor of the defendant, Fidelity Security Insurance Company ("Fidelity"). For the reasons expressed, we affirm.

Procedural Background
As the general contractor on a job in Bastrop, Louisiana, Lincoln contracted with David Johnson, d/b/a David Johnson Drywall, to do Sheetrock work. In February 1998, Johnson obtained a certificate of insurance from James Fortner, d/b/a Premier Consulting, an insurance agent in Monroe. The certificate stated, inter alia, that Johnson had workers' compensation coverage through Fidelity.
In April 1998, an employee of Johnson's was injured on the job. According to Lincoln's petition, Johnson's "policy of insurance was never in force and for this reason Johnson was not covered." As principal employer, Lincoln was called upon to pay the employee's medical and indemnity benefits pursuant to La. R.S. 23:1032 A.
In April 1999, Lincoln filed this suit seeking reimbursement of the $21,927.18 it had paid in compensation benefits. It named as defendants Johnson, from whom indemnity was due under R.S. 23:1061; Fortner, for collecting a premium and issuing a certificate but failing to obtain the insurance; and Fidelity, for allowing its agent, Fortner, to list its name on the certificate to Lincoln's detriment.
Fortner initially denied liability, but later Lincoln took his deposition and he admitted that his office had erroneously issued the certificate. He explained that due to a lack of communication, his secretary had listed Johnson as an employee of another company, Dixie Roofing, for whom Fortner had secured compensation coverage from Fidelity. In point of fact, Dixie Roofing was the only customer for whom Fortner had ever obtained a Fidelity policy, and Fidelity was no longer writing new compensation policies in Louisiana. Fortner added that he never transacted any business with Fidelity, but had secured the Dixie Roofing policy through Fidelity's third-party administrator, SIS. Nevertheless, Fortner's secretary typed a certificate designating Fidelity as Johnson's compensation carrier. Fortner could not recall if Johnson made a down payment at the time, but admitted there was never any coverage with Fidelity. Fortner made an affidavit admitting he was responsible for Lincoln's loss, and signed a promissory note for $31,651.88 in its favor. Lincoln entered a judgment for this amount, reserving all rights against Johnson and Fidelity.
Johnson also filed an answer denying liability, but Lincoln appears to have taken no further steps against him.
Fidelity filed a motion for summary judgment, urging that by Lincoln's own petition, "the policy of insurance was never in force," and thus Fidelity could not be liable on a policy. Fidelity also argued that based on Fortner's deposition and affidavits from officers of Fidelity and SIS, Fortner was not an agent of Fidelity and *1114 there was no privity of contract between the two. Without agency or privity, Fidelity argued, Fortner could not bind Fidelity. It concluded that a putative insurer is not liable when an independent agent fails to procure requested insurance. Roger v. Dufrene, 602 So.2d 323 (La.App. 4 Cir. 1992), rev'd on other grounds, 613 So.2d 947 (La.1993); Ray v. Mid South Underwriters, 526 So.2d 1297 (La.App. 3 Cir. 1988).
Lincoln opposed the motion, urging that Fortner had the putative mandate or apparent authority to bind Fidelity, which held him out as its mandatary. Lincoln also asserted that Fortner could have been confused as being an agent of Fidelity, "as he labored under that belief." Lincoln further contended that it "actually and reasonably relied to its detriment on the certificate of insurance issued by Fidelity's agent," and that Fidelity "shares the blame" with Fortner for entrusting him with the management of one of its policies (for Dixie Roofing). Finally, Lincoln pled inadequate discovery and that the question of apparent authority is too fact-intensive to warrant disposition by summary judgment.
After a hearing, the district court granted Fidelity's motion, adopting as its own reasons for judgment those set forth in Fidelity's memorandum in support of its motion for summary judgment. Lincoln has appealed, advancing five assignments of error.

Discussion
A motion for summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law." La. C.C.P. art. 966 B. Summary judgment procedure is designed to secure the just, speedy and inexpensive determination of all except certain disallowed actions; the procedure is favored and shall be construed to accomplish these ends. La. C.C.P. art. 966 A(2); Magnon v. Collins, 98-2822 (La.7/7/99), 739 So.2d 191. After adequate discovery or after a case is set for trial, a motion which shows that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law shall be granted. La. C.C.P. art. 966 C(1).
The burden of proof remains with the mover; however, if the mover will not bear the burden of proof at trial on the matter before the court on the motion for summary judgment, then the mover may merely point out to the court that there is an absence of factual support for one or more elements essential to the plaintiff's claim. The burden then shifts to the plaintiff to present evidence demonstrating that genuine issues of material fact remain. La. C.C.P. art. 966 C(2); Hardy v. Bowie, 98-2821 (La.9/8/99), 744 So.2d 606; Hayes v. Autin, 96-287 (La.App. 3 Cir. 12/26/96), 685 So.2d 691, writ denied, 97-0281 (La.3/14/97), 690 So.2d 41. After the burden has shifted, the plaintiff must make a positive showing of evidence creating a genuine issue as to an essential element of its claim. Mere speculation is not sufficient. Babin v. Winn-Dixie La. Inc., 00-0078 (La.6/30/00), 764 So.2d 37. Appellate review of a grant or denial of summary judgment is de novo. Independent Fire Ins. Co. v. Sunbeam Corp., 99-2181 (La.2/29/00), 755 So.2d 226.
One who causes a third person to believe that another person is his mandatary is bound to the third person who in good faith contracts with the putative mandatary. La. C.C. art. 3021. For the doctrine of apparent authority to apply, the principal must make some kind of manifestation to an innocent third party, and *1115 then the third party must reasonably rely on the purported authority of the agent as a result of the principal's manifestations. Boulos v. Morrison, 503 So.2d 1 (La.1987); Kobuszewski v. Scriber, 518 So.2d 524 (La. App. 2 Cir.1987). In the absence of contact between the putative principal and the third party, there is no manifestation and, a fortiori, no apparent authority. Id.
Insurance agents are persons employed by the insurer to solicit risks and effect insurance. Insurance brokers solicit insurance from the public under no employment from any special company, placing the insurance with any company selected by the insured or by the broker himself. In general, the distinction between them is that absent special circumstances, the broker is the agent of the insured in procuring the policy of insurance and does not represent the insurer. Tassin v. Golden Rule Ins. Co., 94 0362 (La.App. 1 Cir. 12/22/94), 649 So.2d 1050; Karam v. St. Paul Fire & Marine Ins. Co., 265 So.2d 821 (La.App. 3 Cir.1972), aff'd, 281 So.2d 728, 72 A.L.R.3d 697 (1973). The acts of the agent of the insured are not imputable to the insurer. Id.
By its second and third assignments of error, Lincoln urges the district court erred in finding that, no matter what the facts reveal, Fortner could not bind Fidelity and Fidelity could not be liable for negligently entrusting Fortner with the writing of its policies. The argument is largely the same as that rejected by the district court, but Lincoln stresses that the business relationship between Fortner and Fidelity has not been fully developed; that Lincoln reasonably relied to its detriment on a certificate issued by Fidelity's agent, Fortner; that issuing certificates fell within Fortner's actual authority; and that Fortner's agency relationship continued even after Fidelity decided to stop writing new policies in Louisiana.
The decisive legal precept is that putative mandate or apparent authority cannot exist without a manifestation by the putative principal (here, Fidelity) to the third party (Lincoln). In response to the motion for summary judgment, Lincoln has not shown that it ever received any form of manifestation, written or otherwise, from Fidelity. As a matter of law, this deficiency is fatal to the claim of liability based on putative mandate. Boulos v. Morrison, supra; Kobuszewski v. Scriber, supra.
The summary judgment evidence also undercuts the factual assertions that Fortner's actions were authorized under his mandate from Fidelity and that his mandate continued even after Fidelity quit selling new policies in the state. The affidavits of Fidelity's vice-president, Robert E. McSweeney, and of SIS's president, Phil Rearick, as well as the deposition of Fortner, all establish that Fortner never had an agency relationship with Fidelity. These documents show that Fortner represented Johnson, not Fidelity. Tassin v. Golden Rule Ins. Co., supra. They also show that there was no agency relationship to revoke. Lincoln offers nothing but speculation that these witnesses' perception of the relationship between Fortner and Fidelity is wrong. Speculation will not defeat a properly supported motion for summary judgment. Babin v. Winn-Dixie La., supra. These assignments of error lack merit.[1]
*1116 The same considerations also resolve Lincoln's first assignment of error, which urges that summary judgment was improper because of lack of adequate discovery. In support, Lincoln offers the affidavit of its own benefits coordinator, Debra Heard, saying that the industry standard is for the general contractor to obtain a certificate of insurance showing that the subcontractor is covered, and that Lincoln obtained such a certificate on behalf of Johnson. However, the certificate was issued by Fortner's office and signed by Fortner. The basis of putative mandate is a representation by Fidelity, not Fortner, to Lincoln. Communications from Fidelity to Lincoln would be, presumably, in Lincoln's possession, but Lincoln has produced none to oppose the motion for summary judgment. Instead, Lincoln proposes additional discovery to probe the relationship between Fidelity and Fortner, but this would produce no evidence of representations to Lincoln. This assignment lacks merit.
By its final two assignments of error, Lincoln urges that summary judgment is inappropriate because the issue of apparent authority is fact-intensive and hinges on questions of motive, intent or knowledge. Mandate is never presumed; it must be clearly established. The burden of proving putative mandate is on the party seeking to bind the principal. McManus v. Southern United Fire Ins., 00-1456 (La.App. 3 Cir. 3/21/01), 801 So.2d 392. While questions of motive, intent or knowledge will ordinarily preclude a summary judgment, the summary judgment evidence offered in this case is uniform in showing that Fortner was not Fidelity's agent, and that Fortner lacked the authority to bind Fidelity on behalf of Johnson. On such a showing, summary judgment is proper. Id. These assignments of error lack merit.
On the instant record, we find that no genuine issues of material fact remain and that Fidelity is entitled to judgment as a matter of law.

Conclusion
For the reasons expressed, the summary judgment in favor of Fidelity Security Insurance Company is affirmed. Costs are assessed to the appellants, Lincoln Builders and American Zurich Insurance Company.
AFFIRMED.
NOTES
[1] At oral argument, Lincoln's counsel suggested that by virtue of its settlement with Fortner, Lincoln was subrogated to Fortner's position, ergo representations made by Fidelity to Fortner would serve as representations to Lincoln. We have reviewed the "judgment with reservation of rights," as well as Fortner's "affidavit/stipulation" and promissory note; none of these documents provides for subrogation. Even if they did, Lincoln offered no authority for the novel proposition that it could recover more from Fidelity than Fortner could; such a result appears to be prohibited by La. C.C. art. 1830.