559 So.2d 867 (1990)
Robert CAREY
v.
PANNELL, KERR, FOSTER, CERTIFIED PUBLIC ACCOUNTANTS.
No. 89-CA-1381.
Court of Appeal of Louisiana, Fourth Circuit.
March 29, 1990.
Gregory F. Gambel, Thomas B. Calvert, New Orleans, for plaintiff-appellant (Robert Carey).
John E. Benz, Vezina and Associates, Gretna, for defendants-appellees (Pannell, Kerr, Forster).
Before KLEES, BYRNES and PLOTKIN, JJ.
KLEES, Judge.
This is an appeal from a judgment dismissing a suit against an accounting firm for prescription. We affirm.
In January of 1973, a partnership called Ren-Car Leasing Company ("Ren-Car") contracted with defendant Pannell, Kerr, Foster (Pannell), an accounting firm, to perform accounting services related to the financial position of Ren-Car. In February of 1985, an audit of Ren-Car was conducted by another accounting firm, which determined that Pannell had made several errors and did not conform to generally accepted accounting principles. Based upon that audit, Robert Carey, a partner in Ren-Car, filed this suit on March 29, 1988, against defendants for substandard work.
On May 6, 1988, defendants filed a peremptory exception of prescription. That exception was granted on March 21, 1989, dismissing this action. Plaintiff appeals that dismissal.
The two issues presented on appeal are: What is the proper prescription period to be applied to an "accounting malpractice" action; and Whether the instant action is barred by prescription.
The trial court held that such an action is subject to liberative, one-year prescription under La.C.C. art. 3492 because it "sounds in tort, not contract." Plaintiff claims that this is a personal or contractual action which should fall under the 10-year prescription set forth in La.C.C. art. 3499. The proper prescription period to be applied in any action depends upon the nature of the action. The instant action is one of misfeasance (improper performance), as opposed to nonfeasance (non-performance). This distinction was discussed in Sciacca v. Polizzi, 403 So.2d 728 (La.1981) and Elzy v. ABC Ins. Co., 472 So.2d 205 (La.App. 4th Cir. 1985), writ den. 475 So.2d 361. In the areas of medical and legal malpractice, the action to recover damages has been confined to one in tort in the absence of warranty of a specific result. Sciacca, supra; Elzy, supra. In the case at bar, plaintiff has made no allegations concerning the breach of specific warranties made by defendants. Plaintiffs are alleging professional *868 accounting malpractice on behalf of the defendants. We therefore find that the action is delictual in nature and that the applicable prescription period in this case is one year. La.C.C. art. 3492.
The other question to be addressed by this court is whether this suit is barred by prescription. Prescription begins to run from the date that the plaintiff knew or should have known of the damages sustained. La.C.C. art. 3492. Mr. Carey stated in his deposition that the accounting report rendered to him by the other accounting firm in February of 1985 discussed the magnitude of Ren-Car's financial problems in great detail. He stated that he had a "fairly clear picture of what had transpired in the years of [1983] and [1984]" at that time. Mr. Carey further stated that he discovered the errors made by Pannell along with their failure to comply with generally accepted accounting principles in February of 1985. Since plaintiff admits that he discovered the accounting problems as a result of the audit in February of 1985, prescription accrued prior to the filing of this suit on March 29, 1988, and the trial court was correct in granting the exception of prescription.
Accordingly, for the reasons stated, the judgment of the trial court is affirmed.
AFFIRMED.