**RAILROAD COMMISSION OF TEXAS et al., Appellants,**

v.

**W. A. QUERNER COMPANY, a Corporation, et al., Appellees.**

No. 10540.

Court of Civil Appeals of Texas.

Austin.

Feb. 19, 1958.

Rehearing Denied March 12, 1958.

Prior to March 12, 1956, Querner owned certificate No. 3059 which is a registration with the Commission of operating rights granted him by the Interstate Commerce Commission authorizing interstate transportation of general freight between San Antonio and Houston. He also then owned certificates Nos. 3581 and 5272, issued by the Commission and granting intrastate authority only, the first to haul pecans in South Texas and the latter to transport named articles between all points in Texas.

On the date mentioned, March 12, 1956, the Commission cancelled the above numbered certificates held by Querner upon the finding that he had "failed to maintain continuous and unbroken insurance * * * in accordance with the provisions of the Motor Carrier Law of Texas." [1]

It is this order which Querner attacked by suit in the court below. The court upon final hearing permanently enjoined enforcement of such order.

Will Wilson, Atty. Gen., James N. Ludlum, First Asst. Atty. Gen., James W. Wilson, Joe R. Carroll, Edward A. Cazares, Asst. Attys. Gen., for appellants.

Joe T. Lanham, Austin, Eskridge, Groce & Hebdon, Rudy G. Rice, Josh H. Groce, San Antonio, for appellees.

HUGHES, Justice.

The Railroad Commission of Texas and its members in their official capacities are appellants and will be referred to herein as the "Commission."

Appellees are W. A. Querner Company, a corporation, and W. A. Querner d/b/a Thru Truck Service and will be referred to herein as "Querner."

The Trial Court made these findings in its judgment:

"W. A. Querner Company, a Corporation, and W. A. Querner, dba Thru Truck Service, operating as carriers for hire under authority issued to them by The Railroad Commission of Texas, have had public liability and property damage insurance, cargo insurance and workmen's compensation insurance in force and effect in the minimum amounts required for the protection of the public during the period of time from November 22, 1955 to March 31, 1956, with certain insurance companies; and from March 31, 1956, to November, 1956, with certain other insurance companies, providing continuous and unbroken insurance for the

1. This order was entered following a notice issued to Querner that a hearing would be held February 28, 1956, on a Motion of the Commission to cancel the certificates involved "for failure to maintain unbroken insurance as required by the Motor Carrier Law" and that at such hearing the Commission would "take up and consider the facts in connection with their (his) failure to maintain continuous and unbroken insurance * * * as required by the Motor Carrier Law."

Querner made no appearance at this hearing.

protection of the public during this specified time; that, more specifically such insurance was in force and effect for the protection of the public on March 12, 1956; that reasonable efforts were made by Plaintiffs to file indicia of such insurance with The Railroad Commission of Texas but such tenders of indicia of insurance were arbitrarily refused by the employees of the Commission; that the Defendants' order of March 12, 1956, cancelling Specialized Motor Carrier Certificate No. 5272 owned by W. A. Querner Company, a Corporation, and Common Carrier Certificates Nos. 3059 and 3581, owned by W. A. Querner, d/b/a Thru Truck Service, for failure to maintain continuous and unbroken insurance is invalid; * * *."

The finding of the Trial Court with respect to the maintenance of continuous and unbroken insurance for the protection of the public by Querner on the dates and during the periods specified is sustained by undisputed evidence the substantial nature of which is not questioned by the Commission.[2]

■ There is no evidence that Querner did not carry insurance required of him by the Motor Carrier Law. It inexorably follows that the order of the Commission cancelling Querner's certificates is not reasonably supported by substantial evidence and that it is void.

Since the only point made by the Commission is that the Trial Court erred in holding that the March 12, 1956, order of the Commission was not reasonably supported by substantial evidence we could rest our decision here. We will, however, note the substance of its argument as reflected by its brief from which we quote:

"Until cancelled by the Commission, Querner was the owner of (1) Specialized Motor Carrier Certificate No. 5272 listed in the Commission records as being owned by W. A. Querner Company, a Corporation, and (2) of Common Carrier Certificates Nos. 3059 and 3581 listed as owned by W. A. Querner, doing business as Thru Truck Service. Before the effective date of the cancellation by the insurance company in November 1955, Querner had in force the insurance coverage required under the Texas Motor Carrier Act, Article 911b, V.C.S., and proper indicia of such coverage was on file with the Commission as required by the statute. The insurance company carrying the Bodily Injury, Property Damage, and Cargo Insurance on the Querner carriers cancelled his policies in October, 1955, but such cancellation did not become effective as to the Railroad Commission until the expiration of thirty days after notice to the Commission.

"In November of 1955 Querner received notice from the Commission that his insurance which had been filed prior to that time with the Commission was being cancelled. Such notice of cancellation had also been received by Querner from the insurance company carrying such coverage on the Querner operations.

"When Querner failed to file the required evidence of insurance after his policies were cancelled in November, 1955, The Commission on February 16, 1956, issued a notice of hearing citing Querner and other carriers to show cause why their certificates should not be cancelled.

"Querner admits that such notice was received by him. This hearing

2. In fact the Commission says: "The evidence of such fact is not only uncontroverted, but uncontrovertible, but the introduction of such overwhelming evidence after the fact only bolsters Appellants' contention that the Legislature intended cancellation to result from absence of evidence of insurance on file regardless of actual coverage."

was held in Austin on February 28, 1956, but Querner did not appear even though he had ample notice of the hearing.

"On March 12, 1956, the Commission issued an order cancelling Querner's certificates for his failure to maintain proper continuous and unbroken insurance coverage, and mailed a copy of this order to Querner at his regular business address."

Sec. 13 of Art. 911b, Vernon's Ann.Civ. St. (Motor Carrier Law) provides that holders of permits or certificates of public convenience and necessity "shall file with the Commission bonds and/or insurance policies," as the Commission by rule may require and that:

"Each such motor carrier shall, on or before the date of the expiration of the term of any policy or bond so filed by him, file a renewal thereof, or new bonds or policies containing the same terms and obligations of the preceding bonds and policies, and shall each year thereafter on or before the expiration date of the existing bonds and policies, file such renewal policies and bonds so as to provide continuous and unbroken protection to the public having legal claims against such motor carrier; and in the event such renewal bonds and policies are not so filed, the Commission, after notice to the motor carrier, and hearing, may, within its discretion if it shall find and determine that the ends of justice will be better subserved thereby, cancel such permit or certificate for failure to furnish and provide such bonds or insurance as herein required. The Commission may accept in

lieu of the filing of the original policies of insurance, a certificate of insurance, in such form as may be prescribed by the Commission, which certificate, when filed with the Commission will bind the obligor thereunder and satisfy the requirements of this section as if the original policies of insurance had been filed." [3]

The Commission has briefed this case solely upon the ground that there was substantial evidence to the effect that Querner did not comply with the above statute and *file* his insurance policies or a certificate of insurance with the Commission. This is a matter we need not determine because neither the notice to Querner nor the order of the Commission was predicated on this ground.

■ The distinction between having or not having insurance and filing evidence of such insurance with the Commission is obvious. Nor is such distinction technical or trivial. It is one of substance. It is the existence of the insurance which protects the public, not filing it with the Commission.

It would be one thing for the Commission to determine, within its discretion, that the ends of justice would be better subserved by the cancellation of a permit for failure of the carrier to *have* insurance for the protection of the public and an entirely different thing for the Commission to make the same determination for failure of the carrier to file evidence of such insurance with the Commission.

■ It is sufficient for us to say here that until the Commission exercises its discretion in the premises the courts are with-

---

3. The Commission construes such statute as follows: "A careful reading of Article 911b, Sec. 13, will reveal the interesting fact that nowhere is a carrier specifically required to be insured or execute a bond. The entire section is devoted to the *filing* of indicia with the Commission. Thus, it becomes immaterial whether the insurance existed, and the question is whether indicia of insurance was on file with the Commission as required by Article 911b."
  It would be impossible to file the indicia of insurance unless the insurance was in effect. Thus the statute by necessary implication requires that insurance be carried.

**674**

out jurisdiction. We, therefore, refrain from a discussion of the evidence relating to the filing, vel non, of the policies or certificates of insurance with the Commission.

The judgment of the Trial Court is affirmed.

Affirmed.