281 So.2d 728 (1973)
George KARAM
v.
ST. PAUL FIRE & MARINE INSURANCE COMPANY and A. E. Darbonne, Jr.
No. 52882.
Supreme Court of Louisiana.
August 20, 1973.
*729 Young & Burson, J. Nilas Young, Funice, for plaintiff-appellee.
Shelton & Cline, Thomas Robert Shelton, Rayne, for defendants-appellants.
Mouton, Roy, Carmouche, Hailey, Bivins & McNamara, Harmon F. Roy, Lafayette, for defendant-appellee.
DIXON, Justice.
In February, 1968 a hot water heater owned by the plaintiff George Karam exploded, damaging a leased building in which Karam was operating a laundromat. Two suits for property damage were instituted against Karam and his liability insurer, Maryland Casualty Company.[1] The *730 two suits were compromised for $18,500, Maryland Casualty paying $10,000 and George Karam paying $8,500.
On June 25, 1970 plaintiff Karam filed this action against A. E. Darbonne, Jr., the insurance agent who procured Karam's liability insurance from Maryland Casualty Company, and St. Paul Fire & Marine Insurance Company, Darbonne's "errors and omissions" insurer. Karam alleged that Darbonne procured liability coverage in the amount of $10,000 only, rather than in the sum of $100,000 as he had requested, and that this act of negligence by Darbonne caused him a loss of $8,500.
Trial of this action began on January 29, 1971. After the testimony of both Mr. Karam and Mr. Darbonne was received, the defendants requested a continuance and an opportunity to file a third party demand against Maryland Casualty Company. The requests were granted.
On March 15, 1971 defendants Darbonne and St. Paul Fire & Marine filed their third party demand praying that "if and only in the event that A. E. Darbonne, Jr. is found to be negligent and in error, then Maryland Casualty Insurance Company is liable for any error or negligence on the part of A. E. Darbonne, Jr., due to the binding agency contract with the binding property damage liability insurance authority issued to A. E. Darbonne, Jr." Maryland Casualty answered with general denials and pleaded the peremptory exceptions of no cause of action and no right of action. On January 25, 1972 the trial of this action was completed.
The trial judge rendered judgment for $8,500 in favor of plaintiff Karam against the defendants Darbonne and St. Paul Fire & Marine. The third party demand of St. Paul Fire & Marine against Maryland Casualty was denied. The Court of Appeal affirmed the judgment of the trial court. 265 So.2d 821 (1972). We granted the application of Darbonne and St. Paul Fire & Marine for a writ of certiorari. 263 La. 101, 267 So.2d 209 (1972).
Relators contend that the Court of Appeal erred (1) in holding that Darbonne was negligent in failing to procure property damage liability insurance coverage for Karam in the amount of $100,000 and (2) in holding that Darbonne acted solely as an agent for the plaintiff Karam, thus denying the third party demand against Maryland Casualty.
THE PRINCIPAL DEMAND
We find that A. E. Darbonne, Jr. negligently failed to procure property damage liability coverage in the amount requested by the plaintiff Karam and that this act of negligence by Darbonne caused Karam to sustain a loss of $8,500.
At trial Darbonne quite candidly testified that the plaintiff had requested as much property damage liability coverage on the laundromat as Darbonne could obtain. Darbonne testified that the most property damage liability coverage he could write was $100,000. Darbonne stated that it was his intention to procure $100,000 coverage on Karam's laundromat, but that he had only procured $10,000 coverage through an error on his part.
Karam testified that he relied on Darbonne to procure as much property damage liability coverage on his laundromat as he could write. The invoice sent to Karam by Darbonne billing Karam for the property damage liability coverage indicated that Darbonne had procured $100,000 in property damage liability coverage on Karam's laundromat.
An insurance agent who undertakes to procure insurance for another owes an obligation to his client to use reasonable diligence in attempting to place the insurance requested and to notify the client promptly if he has failed to obtain the requested insurance. The client may recover from the agent the loss he sustains as a result of the agent's failure to procure the desired coverage if the actions of the agent warranted an assumption by the client *731 that he was properly insured in the amount of the desired coverage. C.C. 3002 and 3003; Kieran v. Commercial Union Insurance Company of New York, 271 So.2d 889 (La.App. 4th Cir. 1973); Hight v. Stewart, 265 So.2d 640 (La.App. 2d Cir. 1972); Bordelon v. Herculean Risks, Inc., 241 So.2d 766 (La.App. 3d Cir. 1970); Shrv Teletype Coin Exchange, Inc. v. Commercial Union Insurance Company of New York, 191 So. 2d 208 (La.App. 2d Cir. 1966); Arceneaux v. Bellard, 149 So.2d 444 (La.App. 3d Cir. 1963); Brown v. Stephens Buick Company, 139 So.2d 579 (La.App. 4th Cir. 1962).
The Court of Appeal correctly affirmed the judgment for $8,500 in favor of Karam against Darbonne and St. Paul Fire & Marine Insurance Company.
THE THIRD PARTY DEMAND
We granted writs in this case to review the ruling of the Court of Appeal on the liability of Maryland Casualty Company for the acts of its agent, Darbonne, a question raised in St. Paul's third party demand against Maryland Casualty.
However, in order to reach the merits of the third party demand, we must first determine whether the third party demand states a cause of action.
The third party demand is defined in C.C.P. 1111 as follows:
"The defendant in a principal action by petition may bring in any person, including a codefendant, who is his warrantor, or who is or may be liable to him for all or part of the principal demand.
"In such cases the plaintiff in the principal action may assert any demand against the third party defendant arising out of or connected with the principal demand. The third party defendant thereupon shall plead his objections and defenses in the manner prescribed in Articles 921 through 969, 1003 through 1006, and 1035. He may reconvene against the plaintiff in the principal action or the third party plaintiff, on any demand arising out of or connected with the principal demand, in the manner prescribed in Articles 1061 through 1066."
Our present third party practice was first introduced to our procedural law by the Third Party Practice Act, Act 433 of 1954.[2] That act replaced the "call in warranty" with the broader "third party demand" which is based largely upon the third party practice of federal procedure. C.C.P. 1111, Official Revision Comment (a); McMahon, Courts and Judicial Procedure, 15 La.L.Rev. 35 (1954). Under the federal third party practice as it existed when C.C.P. 1111 was adopted, the third party plaintiff could bring in only a person "who is or may be liable to him for all or part of the plaintiff's claim against him." The third party plaintiff was not allowed to bring in a person alleging that he was liable directly to the plaintiff on the principal demand. See, Rule 14 of the Federal Rules of Civil Procedure as amended in 1946; Falls Industries, Inc. v. Consolidated Chemical Industries, Inc., 258 F.2d 277 (5th Cir. 1958); National Mut. Ins. Co. of District of Columbia v. Liberty Mutual Ins. Co., 90 U.S.App.D.C. 362, 196 F.2d 597 *732 (1952), cert, denied 344 U.S. 819, 73 S.Ct. 15, 97 L.Ed. 638 (1952); Buchholz v. Michigan Motor Freight Lines, Inc., 19 F.R.D. 407 (E.D.Mich.1956); Higgins v. Shenango Pottery Co., 12 F.R.D. 510 (W.D.Penn.1952); 1A Barron and Holtzoff, Federal Practice and Procedure, Civil, § 421 (1960); 6 Wright and Miller, Federal Practice and Procedure, Civil, § 1441 (1971).
The third party plaintiffs do not allege that Maryland Casualty is either their warrantor or a person who is or may be liable to them for all or part of the principal demand. See, C.C.P. 1111; Plummer v. Motors Insurance Corporation, 233 La. 340, 96 So.2d 605 (1957); Bourree v. A. K. Roy, Inc., 232 La. 149, 94 So.2d 13 (1957). Rather, they allege that Maryland Casualty is directly liable to the plaintiff Karam.
Since C.C.P. 1111 was adopted by our legislature, Rule 14 of the Federal Rules of Civil Procedure has been amended to allow a third party plaintiff to bring in a person who is alleged to be directly liable to the plaintiff "when a plaintiff asserts an admiralty or maritime claim within the meaning of Rule 9(h)." See Rule 14(c) of the Federal Rules of Civil Procedure. This 1966 amendment to Rule 14 was an adoption of the special admiralty impleader practice which was embodied in Admiralty Rule 56, but which had its origin in The Hudson, 15 F. 162 (D.C.N.Y.1883). See 6 Wright and Miller, Federal Practice and Procedure, Civil, § 1465 (1971).
The Official Revision Comments to C.C.P. 1111 refer to Admiralty Rule 56 only as follows:
"(c) One difference between this article and the federal rule is that in the latter whether a third party defendant may be brought in rests within the discretion of the trial judge, whereas under Art. 1033, supra, the defendant may bring in a third party as of right at any time up to and including the time for filing the answer. The rule embodied in Art. 1033 is substantially the same as that of Rule 56 of the Admiralty Rules. The call in warranty, under Art. 382 of the 1870 Code of Practice, may be included in the answer and hence filed as of right at the time the answer is filed."
We cannot say that our legislature intended to adopt the special impleader rule of Admiralty Rule 56 which allows a third party plaintiff to implead a third party defendant alleging that he is liable to the plaintiff directly for all or part of the plaintiff's demand. C.C.P. 1111 provides rather that the third party demand must allege that the third party defendants is liable to the third party plaintiff for all or part of the principal demand. These third party plaintiffs do not allege that the third party defendant is liable to them for all or part of the principal demand. Therefore, the third party demand fails to state a cause of action against Maryland Casualty Company and must be dismissed.
Nor will C.C. 2103, as amended in 1960,[3] support the third party demand on *733 the claim that Maryland Casualty might be solidarily liable with St. Paul Fire & Marine to Karam. (St. Paul contends that, if Darbonne is liable to Karam, Karam's principal would also be liable). There can be no solidary obligation here. Any liability of Maryland Casualty to St. Paul would be extinguished by confusion. St. Paul, the errors and omissions insurer of Darbonne, would respond to Maryland Casualty for Darbonne's acts which might have caused a loss to Maryland Casualty, thus becoming at the same time the debtor and creditor of Maryland Casualty. C.C. 2217, 2218.
The judgment of the Court of Appeal is affirmed at applicants' cost.
NOTES
[1] The suits were filed in the Thirteenth Judicial District Court and were styled Continental Insurance Co. v. George Karam and Maryland Casualty Co. (Docket Number 22606) and Henry J. Vidrine, et al v. George Karam and Maryland Casualty Co. (Docket Number 22616).
[2] Act 433 of 1954 provided, in pertinent part:

"That in any civil action presently pending or hereafter filed the defendant in a principal action may by petition bring in any person (including a co-defendant) who is his warrantor, or who is or may be liable to him for all or part of the principal demand.
"In such cases the plaintiff in the principal action may assert any demand against the third-party defendant arising out of the transaction or occurrence that is the subject of the principal demand. The third-party defendant thereupon shall plead his objection and defenses in the same manner as prescribed for an original defendant in an ordinary action and may reconvene against the plaintiff in the principal action or the third-party plaintiff, on any demand arising out of the transaction or occurrence that is the subject matter of the principal demand, in the manner prescribed for reconventional demands."
[3] "When two or more debtors are liable in solido, whether the obligation arises from a contract, a quasi contract, an offense, or a quasi offense, it should be divided between them. As between the solidary debtors, each is liable only for his virile portion of the obligation.

"A defendant who is sued on an obligation which, if it exists, is solidary may seek to enforce contribution, if he is cast, against his solidary co-debtor by making him a third party defendant in the suit, as provided in Article 1111 through 1116 of the Code of Civil Procedure, whether or not the third party defendant was sued by the plaintiff initially, and whether the defendant seeking to enforce contribution if he is cast admits or denies liability on the obligation sued on by the plaintiff."