ELLIS, Judge:
This is a suit for workmen’s compensation benefits for the death of her husband, Charles Arinder, brought by Nora Arinder, for herself and on behalf of her two minor children. Made defendants are Professionals’ Transportation Co., Inc., Mr. Arinder’s employer; Joe N. Miles and Sons, Inc., with which Professionals’ had a hauling contract; ■ and United States Fidelity and Guaranty Company, Miles’ workmen’s compensation insurer.
Thereafter, Professionals’ third partied Hartford Accident & Indemnity Company, Lawrence County Insurance & Realty Company, Inc., Jasper C. (Jack) Jones, and St. Paul Fire and Marine Insurance Company, alleging that it was insured by Hartford or that such insurance should have been furnished by Lawrence or Jones, as insurance agents for Professionals’. St. Paul is alleged to be the errors and omissions insurer of Lawrence and Jones.
Lawrence, Jones and St. Paul filed various exceptions to the third party petition, all of which were overruled. Miles and U. S. F. & G. filed a third party demand against both Professionals’ and Hartford, seeking indemnification in the event they are found liable herein.
Finally, Hartford filed a third party demand against Lawrence County, Jones and St. Paul, seeking indemnification. The same exceptions were filed by those third party defendants, all of which were overruled.
After trial on the merits, judgment was rendered in favor of plaintiffs against Professionals’, Miles and U. S. F. & G. for workmen’s compensation death benefits, penalties, attorneys’ fees, and funeral expenses. There was also judgment in favor of Miles and U. S. F. & G. on their third party demand against Professionals’ for full indemnity. All other third party demands were dismissed.
Professionals’ has appealed, alleging as error the dismissal of its third party demand against Hartford, Lawrence County, Jones and St. Paul. Miles and U. S. F. & G. have appealed, alleging' as error the dismissal of its third party demand against Hartford.
The circumstances surrounding the third party demands arise out of Professionals’ efforts to obtain workmen’s compensation insurance. Professionals’ entered into a contract with Miles, dated April 2, 1975, by virtue of which Professionals’ was to haul various products from Miles’ mill to designated destinations. Under the terms of the contract, Professionals’ was required to maintain in effect a policy of workmen’s compensation insurance. Apparently while the contract was being negotiated, Professionals’ asked Mr. Jones to get a quotation on the said insurance. Mr. Jones obtained such a quotation from Hartford on February 20, 1975. At that time, Mr. Jones advised Hartford that the anticipated date of the contract was May 1, 1975, and that he would let Hartford know when to issue the policy.
Mr. Jones heard nothing further from Professionals’ until August 6,1975, when he was advised' that the workmen’s compensation insurance should be obtained. Mr. Jones called Hartford for the insurance, and was advised that the first quotation was no longer valid and that the file would have to be reviewed to see if it was acceptable. Mr. Jones attempted to advise Mr. Crain at Professionals’, but was unable to get in touch with him. It was then about 5:00 or 5:15 on the afternoon of August 6th and Professionals’ office was probably closed. Mr. Jones attempted to get Mr. Crain’s home phone, but the number was not listed. On the morning of August 7th, Mr. Jones again tried to get in touch with Mr. Crain, who was out of the office, and who did not call back Mr. Jones.
Also on August 7th, Hartford decided to decline the coverage, and mailed a memo to that effect to Mr. Jones, who received it on August 8th. In the meanwhile, on the af- *1296 temoon of August 7th, Mr. Arinder was killed in the course and scope of his employment. On the morning of August 8th, Mr. Jones got in touch with Mr. Crain and told him that Hartford had declined the coverage. Mr. Jones denied that he had told Professionals’ or Mr. Crain that workmen’s compensation coverage was in force.
In Karam v. St. Paul Fire & Marine Insurance Company, 281 So.2d 728 (La.1973), the court said:
“An insurance agent who undertakes to procure insurance for another owes an obligation to his client to use reasonable diligence in attempting to place the insurance requested and to notify the client promptly if he has failed to obtain the requested insurance. The client may recover from the agent the loss he sustains as a result of the agent’s failure to procure the desired coverage if the actions of the agent warranted an assumption by the client that he was properly insured in the amount of the desired coverage.”
The trial judge found that the quotation made by Hartford in February was in the nature of an offer, which had no deadline, and which, therefore, remained outstanding for a reasonable period of time. He further found that, because of changes in the business activities of the insurance industry, by August 6th the offer had been withdrawn by operation of law, due to the passage of time.
In his oral reasons, the trial judge said:
“The Court further finds that on August 6, 1975, Mr. Jones did not issue a binder or do anything actually or that would tend to lead Professionals’ Transportation Company to believe that it had insurance coverage on August 6, Í975. Therefore, it is the conclusion of the Court that Hartford' Insurance Company issued no policy, issued no binder, did nothing itself to mislead anyone and has no responsibility in connection with the claims made in this against Lawrence County Insurance Agency. Therefore, all claims against Hartford will be dismissed.
“The Court further finds that there was no negligence on the part of Mr. Jones or Lawrence County Insurance Agency. This turned out to be a tragic situation that so often occurs when business men are engaged in the hectic activity of kicking off a business operation. The Court feels that with the long period of time that had transpired from February, 1975 to August, 1975, Mr. Crain was derelict in his responsibility to his company, rather than Mr. Jones having been derelict in his responsibility either to Hartford or to his client; so consequently, the demands against Mr. Jones, individually, and Lawrence County Insurance Agency, and St. Paul will all be dismissed.”
We find the conclusions of the trial judge to be fully supported by the record and in accordance with law.
The judgment appealed from is therefore affirmed at appellants’ cost.
AFFIRMED.