United States Court of Appeals,

Fifth Circuit.

No. 92-5183.

Glenn David DUHON, Plaintiff,

v.

MOBIL OIL CORP., Defendant,

MOBIL PRODUCING TEXAS AND NEW MEXICO, INC., Third-Party Plaintiff-Appellee,

v.

BAYOULAND INSURANCE, INC., Third-Party Defendant-Appellant,

v.

WIRELINE AND SNUBBING CONSULTANTS, INC., Third-Party Defendant/Third-Party Plaintiff-Appellant,

v.

F & G MARKETS OF LOUISIANA, et al., Third-Party Defendants-Appellees.

Jan. 19, 1994.

Appeal from the United States District Court for the Western District of Louisiana.

Before POLITZ, Chief Judge, HIGGINBOTHAM, Circuit Judge, and PICKERING,[*] District Judge.

POLITZ, Chief Judge:

Wireline and Snubbing Consultants, Inc. and its insurance agent, Bayouland Insurance, Inc. seek modification of a judgment which casts full responsibility on Bayouland for its failure to procure certain insurance coverage. Appellants first urge that because of a failure to inform, F & G Markets of Louisiana, Inc. and Resource Insurance Services, Inc. should share in Bayouland's liability. They alternatively assert that the policy underwritten by Lloyds should be reformed to provide the necessary coverage. Finding no error, we affirm.

*Background*

An accident involving a Wireline employee provides the basis for this multi-party action.

[*]District Judge of the Southern District of Mississippi, sitting by designation.

Glenn David Duhon was injured in September of 1986 while working on an oil rig owned by Mobil Producing Texas & New Mexico, Inc. By contractual agreement Wireline had agreed to hold Mobil harmless for injuries to its employees. In anticipation of possible liability Wireline had contacted its agent, Bayouland, in the early part of 1986.

During its conversation with Bayouland, Wireline expressed interest not only in general comprehensive liability coverage, but also in specific protection to cover the claims of injured employees. Bayouland included this information in an application forwarded to F & G, which in turn passed it along to Resource. Resource then contacted a London insurance broker to obtain a premium quote from underwriters at Lloyds; Resource did not send along Wireline's application. The broker, based on the information communicated, transmitted a quote to Resource that contained a "third party oil exclusion" closely resembling one found in an existing excess liability policy. The provision excluded indemnity obligations of the sort contractually assumed by Wireline in its agreement with Mobil. To fill the gap, however, Lloyds offered Wireline an "actions over/indemnity buy-back" for an additional premium. Had Wireline purchased the buy-back, Duhon's claim for personal injury would have been covered.

The buy-back was not purchased and the reason therefore lies at the core of this case. The premium quote, including the third party exclusion and the optional actions over/indemnity buy-back, was relayed by Resource to F & G. F & G agent, Cherly Lundy, dispatched the quote to Wayne Delcambre at Bayouland. Lundy, a bit uncertain about the meanings of the exclusion and the buy-back, contacted Resource for further explanation. After being advised about the provisions she dismissed the matter from her mind; Delcambre had asked no questions and presumably understood these provisions.[1]

In April, 1986, Bayouland instructed F & G to bind the insurance policy for Wireline. F & G transferred this request to Resource, which then relayed it to Lloyds. As a precautionary measure, Lloyds double-checked Wireline's decision to reject the buy-back provision. Although Delcambre

---

[1]Delcambre testified that he attributed a different meaning to the exclusion than that intended by Lloyds.

does not recall whether F & G again contacted him concerning this matter, Lundy remembers speaking to Delcambre and confirming Wireline's decision not to purchase the optional protection.

The insurance was thus bound and, as noted, an employee was injured. In the ensuing litigation Mobil defended Duhon's suit and filed a third party complaint for indemnity against Bayouland. Wireline's insurer denied coverage based on the third party oil exclusion, causing Wireline to institute third party actions against Bayouland, F & G, Resource, and Lloyds. Bayouland then asserted claims against F & G and Resource.

The district court, on summary judgment, dismissed Duhon's claims and ordered Wireline to reimburse Mobil for its defense costs. Wireline, in turn, received an indemnity judgment against Bayouland for negligently failing to procure the requested insurance. F & G, Resource, and Lloyds were absolved of liability. Wireline and Bayouland appeal.

*Analysis*

We review grants of summary judgment *de novo,* applying the same standards as that applied by district courts.[2] Under Federal Rule of Civil Procedure 56(c), summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

Wireline and Bayouland first attack the judgments in favor of F & G and Resource. They urge this court to hold that F & G and Resource breached a duty to explain the terms of the insurance policy to Wireline and Bayouland. We conclude that no such duty existed.

Under Louisiana law, "[a]n insurance agent who undertakes to procure insurance for another owes an obligation to his client to use reasonable diligence in attempting to place the insurance requested and to notify the client promptly if he has failed to obtain the requested insurance."[3] To recover losses arising from an agent's failure to obtain insurance coverage, the insured must prove three things:

---

[2] Perry v. Mercedes Benz of North America, Inc., 957 F.2d 1257 (5th Cir.1992).

[3] Karam v. St. Paul Fire & Marine Ins. Co., 281 So.2d 728, 730 (La.1973).

(1) an undertaking or agreement by the insurance agent to procure insurance;

(2) failure of the agent to use reasonable diligence in attempting to place the insurance and failure to notify the client promptly if he has failed to obtain the insurance; and

(3) actions by the agent warranting the client's assumption that the client was properly insured.[4]

F & G and Resource breached no duty. After Wireline's request for insurance filtered down through Bayouland and F & G, Resource obtained coverage information from the insurer at Lloyds and transmitted the terms of the policy back up the communication chain. Bayouland was informed that coverage was available but that a third party oil exclusion applied; it also knew that the actions over/indemnity buy-back was available to fill the uninsured gap. Bayouland may not now, after it negligently failed to ascertain the meanings of these terms,[5] shift its liability to F & G and Resource. Louisiana law does not impose an obligation on an insurance broker dealing with another professional agent or broker to assure that the other fully understands all aspects of the policy at issue. Rather, the insurance professional is charged with knowledge of the types of policies available, their terms, and their coverage parameters. "Where the broker does not understand the policy, reasonable diligence requires the broker to discover what the insurance company intended to include and exclude under the policy's language."[6]

In this case, Resource informed F & G, which apprised Bayouland, of the exact terms of the Lloyds policy. Bayouland's negligent failure to further investigate those terms precluded Wireline from procuring the coverage it sought. We decline to impose on insurance brokers a duty to explain, even though unrequested, every term of an insurance policy to other experienced insurance brokers.

Wireline and Bayouland's alternate entreaty to this court to reform the Lloyds policy must likewise fail. To establish the appropriateness of reformation, appellants had to prove by clear and convincing evidence that the policy, as written, contains a mutual mistake and did not comport with

---

[4]Offshore Prod. Contractors, Inc. v. Republic Underwriters Ins. Co., 910 F.2d 224, 229-30 (5th Cir.1990); Karam, 281 So.2d at 730-31.

[5]The district court held Bayouland solely responsible for Wireline's losses because Bayouland failed to inform itself and its client about the policy exclusion and optional buy-back.

[6]Offshore, 910 F.2d at 231.

the parties original intent.[7]  In this case the exact opposite occurred.

The judgment of the district court is AFFIRMED.

---

[7]Motors Ins. Co. v. Bud's Boat Rental, Inc., 917 F.2d 199 (5th Cir.1990).