753 So.2d 398 (2000)
Joyce FERGUSON, Individually and on Behalf of Her Minor Child, Sylvia Jade Ferguson
v.
PLUMMER'S TOWING & RECOVERY INC., Tyrone S. Perry and State Farm Mutual Automobile Insurance Company.
Joseph MARS and Craig Ferguson
v.
Plummer's Towing & Recovery Inc., Tyrone S. Perry and State Farm Mutual Automobile Insurance Company.
Nos. 98 CA 2894, 98 CA 2895.
Court of Appeal of Louisiana, First Circuit.
February 18, 2000.
*399 John W. Perry, Jr., Daniel J. Balhoff, J. Rodney Messina, Vincent J. DeSalvo, Paul Dué, Baton Rouge, for Plaintiffs-Appellants Joyce Ferguson, individually and on behalf of her minor child, Sylvia Jade Ferguson and Joseph Mars and Craig Ferguson.
William F. Janney, Paul Marks, Jr., Baton Rouge, for Defendant-Appellee State Farm Fire and Casualty Co.
Before: FOIL, WHIPPLE, and GUIDRY, JJ.
GUIDRY, J.
Appellants, Joyce Ferguson, individually and on behalf of her minor child, Sylvia Jade Ferguson, and Joseph Mars and Craig Ferguson, appeal the trial court's grant of summary judgment in favor of appellee, State Farm Fire and Casualty Company (State Farm). We reverse and render.

FACTS AND PROCEDURAL HISTORY
On or about July 27, 1994, Richard Ferguson was fatally injured in an automobile accident when a vehicle driven by Tyrone S. Perry and owned by Plummer's Towing and Recovery, Inc. (Plummer's) ran a red light at the intersection of Dalrymple and East Lakeshore Drives in Baton Rouge, Louisiana, and collided with Mr. Ferguson's vehicle. At the time of the accident, Mr. Perry was in the course and scope of his employment with Plummer's. On the *400 date of the accident, Plummer's vehicle was insured by State Farm with policy limits of $100,000.00 per person/$300,000.00 per accident. However, on May 24, 1994, an employee of Plummer's insurance agent issued to the City-Parish a certificate of insurance which indicated bodily injury and property damage single limits coverage in the amount of $1,000,000.00.
Appellant, Joyce Ferguson, filed a petition for damages for wrongful death on November 2, 1994, naming Mr. Perry, Plummer's, and State Farm Mutual Automobile Insurance Company as defendants, and by amended petition, naming State Farm as a defendant. Appellants, Joseph Mars and Craig Ferguson (hereafter collectively "Mars"), filed a petition for damages on June 19, 1995, naming the same defendants. The defendants answered Joyce Ferguson's petition on November 29, 1994, and the Mars' petition on August 18, 1995.
A motion to consolidate the two lawsuits was filed by the defendants on August 29, 1995, and, thereafter, the cases were ordered consolidated.
On January 30, 1998, appellants filed a motion for summary judgment asserting that they were entitled to a judgment declaring that State Farm afforded $1,000,000.00 in liability coverage to Plummer's on the date of the accident. On March 30, 1998, State Farm filed a motion for summary judgment asserting that it was entitled to a judgment declaring it only provided $100,000.00 in coverage for the claims asserted in the lawsuit. A hearing on the cross-motions was held on April 13, 1998, and judgment, granting State Farm's motion and denying appellants' motion, was rendered that day and signed April 29, 1998.
On May 1, 1998, appellants filed a motion for new trial and renewed their motion for summary judgment. The matters were heard on May 18, 1998. A judgment denying the motion for new trial, upholding the April 29, 1998 judgment, and certifying that judgment as appealable, was rendered at the hearing and signed May 21, 1998. This appeal followed.
On appeal, appellants assign as error the trial court's grant of summary judgment in favor of State Farm and the trial court's denial of appellant's motion for new trial.

DISCUSSION

Summary Judgment-Standard of Review
On appeal, summary judgments are reviewed de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. J. Ray McDermott, Inc. v. Morrison, 96-2337, p. 9 (La.App. 1st Cir.11/7/97), 705 So.2d 195, 202, writs denied, 97-3055, XX-XXXX-XX (La.2/13/98), 709 So.2d 753, 754. An appellate court thus asks the same questions as does the trial court in determining whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover-appellant is entitled to judgment as a matter of law. Smith v. Our Lady of the Lake Hospital, Inc., 93-2512, p. 26 (La.7/5/94), 639 So.2d 730, 750.
A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine factual dispute. The motion should be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. Rambo v. Walker, 96-2538, p. 4 (La.App. 1st Cir.11/7/97), 704 So.2d 30, 32. The summary judgment procedure is favored and is designed to secure the just, speedy, and inexpensive determination of every action. LSA-C.C.P. art. 966(A)(2).
The burden of proof is on the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate *401 all essential elements of the adverse party's claim, action or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action or defense. Thereafter, if the adverse party fails to provide factual evidence sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. LSA-C.C.P. art. 966(C)(2).

Certificate of Insurance
On May 24, 1994, a certificate of insurance was issued to the City-Parish, indicating that the tow truck had bodily injury and property damage single limits coverage in the amount of $1,000,000.00. Appellants argue that under La. R.S. 10:1-202, the certificate is prima facie evidence that the policy provides $1,000,000.00 in coverage, and that the certificate of insurance evidences a stipulation for the benefit of a third party between the City-Parish and Plummer's and, thus, must be enforced. Additionally, appellants argue that under Karam v. St. Paul Fire & Marine Insurance Company, 281 So.2d 728 (La.1973), State Farm must be held vicariously liable for the negligent issuing of the certificate of insurance by its agent. State Farm, however, asserts that the certificate of insurance can only be used as evidence in an action between the City-Parish and Plummer's, and the certificate of insurance does not change the coverage provided in the policy.
We note that appellants' reliance on Karam as support for their argument that State Farm should be held liable for the agent's negligent issuance of the certificate of insurance is misplaced. In Karam, the agent was held liable for the plaintiff's damages due to the agent's negligent failure to procure an insurance policy for the amount of coverage requested by the plaintiff. The agent's third party claim against the insurance company for part of plaintiff's damages was dismissed.
La. R.S. 10:1-202 provides:
A document in due form purporting to be a bill of lading, policy or certificate of insurance, official weigher's or inspector's certificate, consular invoice, or any other document authorized or required by the contract to be issued by a third party shall be prima facie evidence of its own authenticity and genuineness and of the facts stated in the document by the third party.
Under this provision, between the City-Parish and Plummer's, as parties to the "contract," the certificate of insurance is prima facie evidence of its authenticity. Thus, in an action by the City-Parish against Plummer's in connection with the certificate of insurance, the certificate would be prima facie evidence. However, with respect to State Farm and other third parties, the language in the certificate differs from that in the insurance policy and does not change the coverage provided. Accordingly, State Farm is not responsible for $1,000,000.00 in coverage.

Statutory/Local Ordinance Requirements
La. R.S. 32:1717 requires, among other things, that a tow truck owner provide the office of motor vehicles with satisfactory proof of "[a]utomobile liability coverage in an amount of not less than three hundred thousand dollars combined single limits coverage" when submitting an application for a tow truck license plate. This provision also requires that the Department of Public Safety and Corrections, office of state police, be provided with twenty days prior notice before such policy of insurance can be canceled.
Similarly, in 1994, Section 7 of Ordinance 9533 of the Metropolitan Council of the City-Parish, which regulates local wreckers, required that "[b]efore any permit shall be issued under this ordinance to any owner of an auto, emergency or heavy duty wrecker or before any renewal of said permit shall be granted, the owner shall file with the Wrecker Inspections Officer a copy of an insurance certificate showing *402 that the owner has in effect a policy or policies with coverage as follows: (a) Automobile liability coverage in an amount of not less than three hundred thousand dollars combined single limits coverage."[1]
Appellants argue that because both state and local law require tow trucks to have $300,000.00 liability coverage, the policy should be reformed to provide that amount of coverage for this accident. State Farm, however, argues that because Plummer's did not apply for a state license, they were not required to have $300,000.00 in coverage as set forth in La. R.S. 32:1717 and that, at the time of the accident, La. R.S. 32:1717 was not included in the Louisiana Compulsory Motor Vehicle Liability Security Law (the Compulsory Law), La. R.S. 32:861-865, and, thus, La. R.S. 32:900(M) is not controlling. We disagree.
Initially, we note that La. R.S. 32:1717 requires that any tow truck owner applying for a tow truck license plate submit with the application evidence of automobile liability coverage in an amount of not less than $300,000.00. All tow truck owners are required to have a tow truck license plate. See La. R.S. 32:1715 & La. R.S. 32:1717. Furthermore, even if La. R.S. 32:1717 was not controlling, the local ordinance specifically requires the same amount of coverage as the state statute. Clearly, Plummer's was required by both state and local law to have $300,000.00 combined single limits coverage on its tow trucks.
Thus, this case turns on the question of whether the requirements of La. R.S. 32:1717 and/or Section 7 of Ordinance 9533 are compulsory liability security laws or financial responsibility laws. We think both provisions are compulsory.
While it is true La. R.S. 32:1717 is not included in the Compulsory Law, such an exclusion does not change its compulsory nature. Whether or not the provision is compulsory depends on its nature and purpose. As explained in Fields v. Western Preferred Casualty Company, 437 So.2d 344, 346-347 (La.App. 2d Cir.), writs denied, 440 So.2d 528, 754 (La.1983):
A compulsory liability security law requires an owner of a motor vehicle to purchase or provide either a liability "bond," a certificate of self-insurance, or a policy of liability insurance in specified amounts, as a prerequisite to registering a motor vehicle under state law. See Couch, § 45:679-682, 721, 725. A financial responsibility law, such as Louisiana adopted in Act 52 of 1952, has similar monetary requirements, but is not a prerequisite to registration of the vehicle and applies only after an accident has occurred. A financial responsibility law effectively allows a motorist one "free" accident. Couch, § 45:679.
The purpose of the compulsory law is not to protect the owner or operator against liability, but to provide compensation for persons injured by the operation of insured vehicles. Couch, § 45:682. Compare LRS 22:655.
* * * * * *
Compulsory liability insurance has been limited to the statutory ceiling, notwithstanding greater policy limits which might be afforded by "stacking" of coverage on two or more automobiles, as in the case of uninsured motorist coverage. Arado v. Central National Ins. Co. of Omaha, 337 So.2d 253 (La.App. 4th Cir. 1976), writ refused. Similarly, other states have held that the courts will reform a liability policy not in compliance with the compulsory law only to the extent to make the policy comply with the law. See and compare Couch, § 45:692, 740, 742, and cases there cited. Accordingly, we shall recognize that this policy should be "reformed" only up to the ceiling required by the Compulsory Motor Vehicle Liability Security Law, LRS 32:861, 900.
*403 Before a tow truck owner can obtain either a state-required tow truck license plate or a local permit, he must demonstrate to the requisite licensing or permitting agency that there is $300,000.00 in liability coverage on the truck. The purpose of this requirement is to insure that persons who may be injured by the operation of the vehicle can be compensated for their injuries. There is no "free" accident as with financial responsibility laws. Thus, we conclude that La. R.S. 32:1717 and Section 7, Ordinance 9533 are compulsory and Plummer's was required to have no less than $300,000.00 coverage. Accordingly, we conclude that the policy should be "reformed" to comply with the minimum requirements of La. R.S. 32:1717 and Section 7, Ordinance 9533.

CONCLUSION
Accordingly, we reverse the summary judgment in favor of State Farm, and render summary judgment in favor of appellants as follows. The motion for summary judgment filed by State Farm is denied. Appellants' motion for summary judgment requesting a declaration that the State Farm insurance policy provides $300,000.00 in coverage is granted.
REVERSED AND RENDERED.
NOTES
[1] Ordinance 11094, adopted March 11, 1998, amended Ordinance 9533. Section 1 of Ordinance 11094 deleted Section 7, Insurance and Liability, from Ordinance 9533. However, at the time this cause of action arose, Section 7 governed this matter.