United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 5, 2003**

**Charles R. Fulbruge III**
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 03-30406
Summary Calendar

---

MARILYN CAMPBELL; SHELTON CAMPBELL

Plaintiffs - Appellants

v.

WILLIAM R SHURA; ET AL

Defendants

FIKES TRUCK LINE INC; LANCER INSURANCE CO

Defendants - Appellees

--------------------
Appeal from the United States District Court
for the Western District of Louisiana, Shreveport
No. 02-CV-633
--------------------

Before KING, Chief Judge, and HIGGINBOTHAM and WIENER, Circuit
Judges.

PER CURIAM:[*]

Plaintiffs-Appellants Marilyn and Shelton Campbell appeal

the district court's grant of summary judgment to Defendants-

Appellees Fikes Truck Line, Inc. and Lancer Insurance Company.

For the following reasons, we AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The facts underlying this appeal are generally uncontested. On December 8, 2001, Levi Campbell, Jr. died after a collision in Louisiana with a 1993 Freightliner tractor trailer driven by William Shura. The parties agree that on the date of the accident Shura was an employee of Parks Transportation, a commercial motor-carrier operator. Ray Owens, who owned the Freightliner, had leased the truck to Parks Transportation on June 20, 2001. Thus, Campbell's survivors brought a wrongful death action against Shura, Parks, and Park's insurance carrier, XYZ Insurer, in Louisiana state court.

Plaintiffs later amended their complaint to include Fikes Truck Line, Inc. and its liability insurer, Lancer Insurance Co., as additional defendants. Fikes had leased the 1993 Freightliner from Owens on May 21, 2001. More than three months before the accident, on August 28, 2001, Fikes terminated the lease and asked Owens to remove Fikes's placards and decals from the Freightliner and to return Owens's copy of the cancelled lease agreement. Owens complied with these instructions. Thereafter, Fikes no longer operated the Freightliner and the tractor trailer was not listed on the insurance policy it renewed with Lancer on October 1, 2001. Nevertheless, a certificate of insurance that Fikes was required to file with the Texas Department of Transportation continued to include the 1993 Freightliner as a covered vehicle. Fikes claims that it failed to update this

certificate due to an oversight. This certificate of insurance constitutes the only connection that either party has alleged between the Freightliner and either Fikes or Lancer on the date of the accident.

On March 28, 2002, defendants Fikes and Lancer removed the case to the United States District Court for the Western District of Louisiana on the basis of diversity jurisdiction. They subsequently moved for summary judgment, claiming that they could not be found legally liable for the Freightliner or for Shura's conduct on the date of the accident.[1] On March 25, 2003, the district court granted summary judgment and dismissed the plaintiffs' claims against Fikes and Lancer after finding that: (1) Shura was employed by Parks Transportation, not Fikes, on the date of the accident and (2) under Louisiana law, the certificate of insurance Fikes filed with the Texas Department of Transportation was incapable of creating insurance coverage that was not part of an actual insurance policy. Plaintiffs timely appealed.

## II. STANDARD OF REVIEW

This court reviews a grant of summary judgment de novo, applying the same standards as the district court. Daniels v. City of Arlington, 246 F.3d 500, 502 (5th Cir. 2001). Summary judgment should be granted if there is no genuine issue of

---

[1]    In the meantime, the district court dismissed the claims against Parks Transportation and XYZ Insurance for failure to prosecute and entered a default judgment against Shura.

material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). "The moving party is 'entitled to a judgment as a matter of law' [when] the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (citations omitted).

### III. DISCUSSION

On appeal, the plaintiffs do not challenge the district court's conclusion that Shura was driving the Freightliner in the course and scope of his employment with Parks, and not as an employee of Fikes, on the day of the accident. Instead, they argue that it is possible to find Fikes and Lancer legally liable for the accident because, by listing the Freightliner on a certificate of insurance with the Texas Department of Transportation, Fikes and Lancer held themselves out to the public as liability insurers of the Freightliner. Further, the plaintiffs contend that Fikes's cancellation of the lease may have ended the relationship between Fikes and Owens, yet it could not obviate Fikes's liability over the tractor trailer under the certificate. Defendants, on the other hand, argue that they are entitled to judgment as a matter of law because there is no valid legal basis for holding them liable for Freightliner accident. They claim that Louisiana law decisively demonstrates that filing

a certificate of insurance with a public agency does not create legal liability over a vehicle.

Plaintiffs' argument--that the certificate of insurance filed on Fikes behalf with the Texas Department of Transportation creates liability over the Freightliner--lacks merit. Both the district court and the parties have assumed that Louisiana's substantive law of insurance policy interpretation control this issue. Consequently, we may apply Louisiana law to the facts of this case without engaging in a complicated choice of law analysis. See Clemtex, Inc. V. Southeastern Fid. Ins. Co., 807 F.2d 1271, 1274 (5th Cir. 1987).

Louisiana law provides that the Texas certificate of insurance may not "amplif[y], extend[], or modify[]" the terms of Fikes's insurance policy with Lancer because the certificate does not qualify as a "rider, endorsement, or application attached to or made a part of the policy." LA. REV. STAT. ANN. 22:654 (West 1995); see Citgo Petroleum Corp. v. Yeargin, Inc., 95-1574, p. 13 (La. App. 3 Cir. 2/19/97); 690 So. 2d 154, 164; cf. Ferguson v. Plummer's Towing & Recovery Inc., 98-2894, p. 6 (La. App. 1 Cir. 2/18/00); 753 So. 2d 398, 401 (holding that a certificate of insurance is prima facie evidence of the genuineness of the facts stated therein if the certificate was issued between the parties to a legal action but that a third party may not rely on the certificate to "change the coverage provided" by an insurance policy). Defendants proffered uncontroverted evidence that the

actual, written insurance policy between Fikes and Lancer, which was in effect on the date of the accident, by its terms did not cover the tractor trailer that collided with Levi Campbell. Therefore, under Louisiana law, the certificate of insurance did not make either Fikes or Lancer liable for the Freightliner on the date in question.

Moreover, even though the parties have not raised the issue, we note that a publicly filed certificate of insurance is not the equivalent of an insurance policy under Texas law. See R.R. Comm'n of Tex. v. W.A. Querner Co., 310 S.W.2d 670, 673 (Tex. Civ. App.-Austin 1958, no writ) ("The distinction between having or not having insurance and filing evidence of such insurance with the [state agency] is obvious. Nor is such distinction technical or trivial. It is one of substance. It is the existence of the insurance which protects the public, not filing it with the [state agency]."). Therefore, under either Texas or Louisiana law, the certificate of insurance does not provide a basis for holding Fikes and Lancer liable for the Freightliner accident. Cf. Graham v. Malone Freight Lines, Inc., 314 F.3d 7, 14 (1st Cir. 1999) (rejecting the argument that a carrier could be held liable for a tractor trailer's accident simply because the carrier "did in fact have a certificate of insurance on file with the Illinois Commerce Commission").

## IV.   CONCLUSION

Accordingly, we AFFIRM the district court's grant of summary judgment in favor of Fikes and Lancer.