STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

17-144


ADVANCED RADIOGRAPHICS, INC.

VERSUS

COLONY INSURANCE COMPANY, ET AL.



**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 20151205
HONORABLE EDWARD D. RUBIN, DISTRICT JUDGE

**********

JOHN D. SAUNDERS
JUDGE

**********

Court composed of John D. Saunders, John E. Conery, and D. Kent Savoie, Judges.


AFFIRMED.




Robin A. Sylvester
Sylvester Law Firm, LLC
1019 Coolidge Blvd.
Lafayette, LA 70503
(337) 513-0504
COUNSEL FOR PLAINTIFF/APPELLANT:
    Advanced Radiographics, Inc.

**Heather S. Duplantis**
**Phelps Dunbar LLP**
**P. O. Box 4412**
**Baton Rouge, LA 70821-4412**
**(225) 346-0285**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Brown & Brown of Baton Rouge, LLC**
    **Kellie Stein**

**Kristin L. Beckman**
**Barrasso, Usdin, Kupperman, Freeman and Sarver, LLC**
**909 Poydras Street, 24th Floor**
**New Orleans, LA 70112**
**(504) 589-9700**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Colony Insurance Company**

**SAUNDERS, Judge.**

This is a case involving an insurance dispute over coverage after Plaintiff's property was damaged by fire. Following the loss, Plaintiff submitted a claim to its insurer, who denied the claim. Plaintiff subsequently sued its insurer for denying coverage. Plaintiff also sued the insurance brokerage, and the broker, through whom it had purchased the insurance, for breach of fiduciary duty as agent/mandatary.

Consequently, the insurance brokerage and the broker filed a peremptory exception of no cause of action, which the trial court granted. The sole issue before this court is whether the trial court was legally correct in granting the insurance brokerage and the broker's exception.

**FACTS AND PROCEDUREAL HISTORY**:

Plaintiff, Advanced Radiographics, Inc. ("ARI"), who is in the business of storing medical records for health care providers in Lafayette, Louisiana, maintains a corporate office located at 856-B Ridge Road in Duson, a warehouse located at 862 Ridge Road, also in Duson, and eight (8) additional locations in which it stores medicals records. ARI purchased a commercial package policy that included both a general liability ("GL") coverage part and a property insurance coverage part, from Colony Insurance Company ("Colony"). The GL coverage extended to all ten of ARI's locations, including the warehouse, whereas the property coverage (which was limited to coverage for contents and business interruption/extra expense), extended only to ARI's corporate office.

In November of 2014, a vehicle crashed into ARI's warehouse, resulting in a fire. Following the loss, ARI submitted a claim to Colony, which Colony denied. As a result of Colony's refusal to pay the claim, ARI filed suit against Colony. ARI also sued Brown and Brown of Baton Rouge, LLC, ("Brown & Brown"), and

(now former) Brown & Brown insurance broker, Kellie Stein ("Stein"), the insurance brokerage (and broker) through whom ARI purchased the Colony Policy.

Defendants, Brown & Brown and Stein, filed a peremptory exception of no cause of action, which the trial court granted on July 25, 2016. On September 16, 2016, ARI filed a motion and order for devolutive appeal from the signed judgment of July 25, 2016, making the court's July 25, 2016 ruling a final appealable judgment of the court.

## DISCUSSION OF THE MERITS:

In their single assignment of error, ARI alleges that the trial court erred as a matter of law by granting the peremptory exception of no cause of action filed by Brown & Brown and Stein. We disagree.

Exceptions of no cause of action present legal questions, which are reviewed using the *de novo* standard of review. *Aycock v. Chicola*, 09-563 (La.App. 3 Cir. 12/16/09), 27 So.3d. 1005.

A cause of action, when used in the context of the peremptory exception, is defined as the operative facts that give rise to the plaintiff's right to judicially assert the action against the defendant. *Everything on Wheels Subaru, Inc. v. Subaru South, Inc.*, 616 So.2d 1234, 1238 (La.1993). The function of the peremptory exception of no cause of action is to test the legal sufficiency of the petition, which is done by determining whether the law affords a remedy on the facts alleged in the pleading. *Id.* at 1235. No evidence may be introduced to support or controvert an exception of no cause of action. La. C.C.P. art. 931. Consequently, the court reviews the petition and accepts well-pleaded allegations of fact as true. *Jackson v. State ex rel. Dept. of Corrections*, 00-2882, p. 3 (La.5/15/01), 785 So.2d 803, 806; *Everything on Wheels Subaru*, 616 So.2d at 1235. The issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. *Montalvo v. Sondes*, 93-2813, p. 6 (La.5/23/94), 637 So.2d 127, 131.

Louisiana has chosen a system of fact pleading. La. C.C.P. art. 854 cmt. (a); *Montalvo* at p. 6, 637 So.2d at 131. Therefore, it is not necessary for a plaintiff to plead the theory of his case in the petition. *Kizer v. Lilly*, 471 So.2d 716, 719 (La.1985). However, the mere conclusions of the plaintiff unsupported by facts does not set forth a cause of action. *Montalvo* at p. 6, 637 So.2d at 131.

2

*Ramey v. DeCaire*, 03-1299, p. 7 (La. 3/19/04), 869 So.2d 114, 118.

Where there is an agreement to procure insurance, the Louisiana Supreme Court, in *Isidore Newman Sch. v. J. Everett Eaves, Inc.*, 09-2161, pp. 6-7 (La. 7/6/10), 42 So.3d 352, 356-57, (quoting *Karam v. St. Paul Fire & Marine Ins. Co.*, 281 So.2d 728, 730-31 (La.1973)), stated:

> An insurance agent who undertakes to procure insurance for another owes an obligation to his client to use reasonable diligence in attempting to place the insurance requested and to notify the client promptly if he has failed to obtain the requested insurance. The client may recover from the agent the loss he sustains as a result of the agent's failure to procure the desired coverage if the actions of the agent warranted an assumption by the client that he was properly insured in the amount of the desired coverage.

After *Karam*, courts found that the "reasonable diligence" duty of the insurance agent/broker was fulfilled when the agent procures the insurance requested. This was reiterated by the *Isidore Newman Sch.* court when it rejected the argument that an insurance agent/broker has a duty to inform the insured of different coverage options available and the duty to explain the costs and potential benefits of those coverages, explaining:

> An agent has a duty of "reasonable diligence" to advise the client, but this duty has not been expanded to include the obligation to advise whether the client has procured the correct amount or type of insurance coverage. It is the insured's responsibility to request the type of insurance coverage, and the amount of coverage needed. It is not the agent's obligation to spontaneously or affirmatively identify the scope or the amount of insurance coverage the client needs.

*Isidore Newman Sch.*, 42 So.3d at 359.

In the instant case, ARI alleges in its petition the following regarding Brown & Brown and Stein:

> 25.    ARI relied on Stein and on Brown & Brown through its agent, Stein paying premiums required by the contract, and abiding by all terms of the agreement with State Farm [sic].

3

26. ARI relied on Stein and on Brown & Brown to advise ARI regarding its insurance needs and to make recommendations for insurance coverage that was adequate in kind and amount to cover potential losses.

27. Stein and Brown & Brown undertook to procure insurance for ARI and was acting as ARI's broker; therefore, Stein and Brown & Brown are responsible for any damages suffered by ARI as a result of their fault or neglect in performing duties as ARI's brokers.

28. Stein and Brown & Brown failed to inform ARI that Colony would deny coverage under the Policy for damages incurred as a result of this occurrence.

29. Stein and Brown & Brown breached their fiduciary duty as agent/mandatory to ARI.

These paragraphs from ARI's petition fail to state a cause of action. Even if all of these paragraphs are taken as true, at no point does ARI allege that it requested certain insurance which Stein and/or Brown & Brown failed to procure. Our supreme court has been clear in its direction that relying on an insurance broker/agent for advice and being disappointed by that advice is not a breach of the duty of "reasonable diligence" owed by an insurance agent/broker to a client. The allegations in ARI's petition attempt to impose a duty upon Stein and Brown & Brown to identify the type and amount of insurance coverage ARI needed for their property. Louisiana does not impose this duty upon the insurance agent or broker but, instead, upon the insured.

## CONCLUSION:

Advanced Radiographics, Inc. appeals the trial court's judgment granting sued Brown and Brown of Baton Rouge, LLC, and Kellie Stein's exception of no cause of action. We find no error by the trial court and affirm its judgment.

**AFFIRMED.**

4